Argued and submitted July 11, 2001, affirmed January 23, petition for review
denied April 23, 2002 (334 Or 76)

In the Matter of the Compensation of
Harry A. Everett, Claimant.

Harry A. EVERETT,
*Petitioner,*

*v.*

SAIF CORPORATION;
Damerow Ford Co.;
and Department of Consumer and Business Services,
*Respondents.*

99-09946; A111969

38 P3d 952

Thomas J. Flaherty argued the cause and filed the briefs for petitioner.

Jerome P. Larkin argued the cause and filed the brief for respondents SAIF Corporation and Damerow Ford Co.

Michael D. Reynolds, Solicitor General, waived appearance for respondent Department of Consumer and Business Services.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

The Department of Consumer and Business Services (DCBS) awarded claimant some but not all of the permanent partial disability benefits that he sought. At the hearing before the administrative law judge (ALJ), claimant sought to introduce evidence, which he had failed to offer before DCBS, to prove that he was entitled to a larger award. The Workers' Compensation Board ruled that claimant could not offer that evidence. On review, claimant argues that due process requires that he be permitted to introduce evidence at hearing that he did not introduce before DCBS. We affirm.

Claimant worked as a motor vehicle mechanic for Damerow Ford. He suffered a compensable injury to his neck while he was installing an engine block in an automobile. Claimant filed, and employer accepted, a claim for a C6-7 disc herniation. Claimant underwent surgery to repair the injury, but he was not able to return to his earlier work as a mechanic. He has instead worked a variety of lighter duty jobs at Damerow Ford.

After claimant's treating physician determined that he was medically stationary, insurer issued a notice of closure. The notice of closure stated that claimant had not been released for regular work, had not returned to regular work, and had not refused appropriate employment. The worksheet attached to the notice of closure recounted the following social and vocational information: Based upon claimant's work as a mechanic, the proper Dictionary of Occupational Titles (DOT) code for his former position was "Automobile Mechanic" (DOT 620.261-010); his corresponding highest specific vocational preparation (SVP) was 7; his residual functional capacity (RFC) was "low"; and his base functional capacity (BFC) was "medium." Based on those ratings, insurer classified claimant as having 24 percent permanent partial disability (PPD).

Claimant requested reconsideration before DCBS. Pursuant to ORS 656.268(6)(a) (1997), either claimant or insurer could submit additional evidence to DCBS to correct any erroneous information in the record. Claimant submitted a worksheet to DCBS that was based on different SVP and

BFC ratings from the ones that insurer had used. Claimant's worksheet assumed that he was doing heavier work that required less training, resulting in a "very high" BFC, an SVP of 6, and a higher PPD award.[1] Claimant, however, introduced no evidence to support the ratings that he used on his worksheet; that is, he did not introduce any evidence before DCBS to show that he had been doing heavier work or that a different SVP rating applied. DCBS accepted insurer's ratings and issued an order on reconsideration affirming the notice of closure in all respects.

Claimant sought a hearing before an ALJ. At the hearing, claimant argued that, because he was doing heavier work than was required for a regular automobile mechanic, he should have been assigned different BFC and SVP ratings, which would have resulted in a higher PPD award. Claimant also sought to offer evidence to support using those BFC and SVP ratings. The ALJ refused to allow claimant to present that evidence. He explained that, during the reconsideration process, parties have the opportunity to correct erroneous information in the record. ORS 656.268 (1997); OAR 436-030-0135. The ALJ also explained that, although claimant had had that opportunity, he chose to submit only a worksheet to DCBS that had assumed certain job classifications and corresponding ratings. Having concluded that claimant had foregone the opportunity to present additional evidence, the ALJ upheld DCBS's order on reconsideration. Claimant then sought review before the Board, which adopted and affirmed the ALJ's order.

On review, claimant raises two issues. He argues initially that substantial evidence does not support the Board's order. We reject that argument without discussion. He also argues that the Board erred in not allowing him to testify at the hearing regarding his job duties. Relying on *Koskela v. Willamette Industries, Inc.*, 331 Or 362, 15 P3d 548 (2000), he argues that due process required that he be allowed to present that evidence at the hearing before the ALJ.[2] Insurer

---

[1] According to claimant's worksheet, his BFC was "very high" rather than "medium." Also, claimant used a different DOT than insurer had used to determine his SVP; he asserted that his proper DOT classification was as a "Repairer, Heavy (auto. mfg.)" (DOT 620.381-022), with a corresponding SVP of 6.

[2] Claimant bases his argument on the Due Process Clause in the state and federal constitutions. The Fifth and Fourteenth Amendments to the United States

responds that the ALJ correctly refused to allow claimant to present testimony at the hearing. It argues, among other things, that claimant cannot complain about any lack of due process before the ALJ because he failed to take advantage of the reconsideration process by neglecting to introduce any evidence to correct the record. As we understand insurer's argument, it is akin to an exhaustion-of-remedies argument; claimant cannot seek to present evidence to the ALJ when he bypassed the opportunity to present that evidence to DCBS.

Insurer raises an issue that neither we nor the Supreme Court reached in *Koskela*. We had noted, in our opinion in *Koskela*, that the claimant had failed to present any written submissions before DCBS. *Koskela v. Willamette Industries, Inc.*, 159 Or App 229, 240, 978 P2d 1018 (1999), *rev'd on other grounds* 331 Or 362, 15 P3d 548 (2000). We reasoned:

> "As a threshold matter, we fail to understand how the limitations on the form of evidentiary submissions at recon-sideration can excuse presentation of that evidence at that level. Even assuming that claimant is correct and that he is entitled, at the hearing, to produce witnesses for direct and cross-examination before the decisionmaker, that does not mean that he may deliberately bypass written presentation of the evidence to DCBS for consideration in making its administrative decision on reconsideration. * * * Claimant cites no authority, nor are we aware of any, for the proposi-tion that a person seeking an administrative benefit is enti-tled to withhold information bearing on the claim at lower administrative levels on the theory that later levels of administrative review either will or must involve live testi-mony rather than written submissions."

*Id.* at 240-41.

Although we questioned whether the claimant's decision to bypass presenting evidence on reconsideration precluded him from challenging any limitation on presenting that evidence at hearing, we did not rest our holding on that ground. Rather, as we explained, "the 1995 amendments to ORS 656.283(7) [which the claimant challenged] took effect

Constitution guarantee due process, although each applies to a different sovereign. The Oregon Constitution, however, does not contain a due process clause.

after claimant requested reconsideration and the reconsideration process had commenced." *Koskela*, 159 Or App at 241 n 7.[3] We reasoned: "[B]ecause the [1995 amendments to the] statute w[ere] not in effect when reconsideration commenced, we do not resolve this case on the narrow ground that claimant was obligated to present the proffered evidence in documentary form at reconsideration before he may, through live testimony or otherwise, insist on presenting it at the ALJ hearing." *Id*. Rather, we reached the constitutional issue that the claimant raised and held that "due process [does not] requir[e] more procedural protection than the administrative structure for reconsideration and hearing provides." *Id*. at 241.

The Supreme Court reversed. It held that due process required that the claimant be given the opportunity, at some point in the process, to put on oral testimony. *Koskela*, 331 Or at 382. The court did not address the issue that we had noted—whether a claimant may bypass the administrative procedures before DCBS and then seek to present that evidence before the ALJ. Rather, the court observed, as we had, that, when the claimant in *Koskela* sought reconsideration before DCBS, the relevant statutes had been interpreted to permit a party "to introduce evidence at hearing [before the ALJ] that it had not introduced previously at reconsideration [before DCBS]." 331 Or at 366 (paraphrasing *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 163, 857 P2d 187 (1993)). Accordingly, when the claimant in *Koskela* appeared before DCBS, the then-applicable statutes did not require him to present evidence at that stage in order to preserve his claim that he was later entitled to present oral testimony before the ALJ. *See* 331 Or at 366-67.

Unlike the claim in *Koskela*, the claim in this case arose after the 1995 amendments to ORS 656.283(7) became effective. Claimant was on notice that he needed to present written evidence to DCBS before he sought a hearing before the ALJ, and we are faced with the question that neither we

---

[3] While Koskela's case was pending before the ALJ, the legislature amended ORS 656.283(7) to "prohibi[t] the introduction of new evidence at hearing [before the ALJ] and limi[t] the issues that may be considered at hearing to those that have been raised at reconsideration [before DCBS]." *Koskela*, 331 Or at 367.

nor the Supreme Court decided in *Koskela*—whether a claimant may introduce evidence to support his or her claims at the hearing before the ALJ when the claimant failed to submit that evidence to DCBS. In resolving that question, we begin with the terms of the applicable statutes. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 662-63, 20 P3d 180 (2001).

A claimant who disagrees with a notice of closure must request reconsideration before DCBS. ORS 656.268(4)(e) (1997). A claimant has both the opportunity to correct erroneous information in the record during this process and, according to the statute, the obligation to do so. *See* ORS 656.283(7) (1997). If a claimant is dissatisfied after the order on reconsideration issues, he or she can request a hearing before an ALJ. ORS 656.268(6)(g) (1997). If the claimant is still dissatisfied, he or she can appeal from the ALJ's order to the Board. ORS 656.289(3) (1997). Finally, a claimant may seek review of the Board's order in this court. ORS 656.298(1) (1997).

The statutory scheme is clear. A claimant must complete the process set out at each stage of administrative review before proceeding to the next level. A claimant cannot, for example, obtain a hearing before an ALJ immediately after receiving a notice of closure to which he or she objects; instead, the claimant must first proceed through the reconsideration process before DCBS. Similarly, a party cannot seek review in this court once the order on reconsideration is issued but instead must first seek review before an ALJ, and then the Board.[4]

The workers' compensation scheme reflects the well-established principle that a party must exhaust his or her administrative remedies before seeking further review. *Mullenaux v. Dept. of Revenue*, 293 Or 536, 651 P2d 724 (1982). Exhaustion of administrative remedies requires that

---

[4] The multiple layers of review mandated by statute serve a purpose. They provide a means for either narrowing or resolving claims. A party may receive all that he or she sought before DCBS and find it unnecessary to seek further administrative review. Even when a party does not achieve all that he or she sought, the reconsideration process may either narrow the issues or still provide sufficient resolution to bring an end to the dispute without need of further administrative or judicial review.

the party properly raise an issue before the agency. *See Mullenaux*, 293 Or at 540. If the party fails to do so by "timely and adequately addressing the merits before the agency," the party loses his or her right of judicial review on the merits. *Id.* at 541. As the court explained in *Mullenaux*, a party does not exhaust his or her administrative remedies "simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute." *Id.*

In this case, claimant did not exhaust his administrative remedies. He presented only one document to DCBS. On it, he listed the DOT, SVP, and RFC ratings that he believed applied, but he did not offer the evidence to DCBS that he now claims is crucial to establishing those ratings. Had claimant offered that evidence to DCBS, it might have ruled in his favor and obviated the need for further administrative and judicial challenges. Claimant, however, effectively bypassed the proceeding before DCBS and sought to introduce that evidence, for the first time, at the hearing before the ALJ. Even though claimant might be entitled to present live testimony before the ALJ if he had exhausted his administrative remedies,[5] he did not do so here. Rather, the statutory scheme contemplates that DCBS should be given a fair chance to correct any error before a claimant seeks to exercise whatever rights and remedies may be available at hearing. *See Outdoor Media Dimensions Inc.*, 331 Or at 661-62. Claimant failed to give DCBS that chance and, in doing so, failed to exhaust his administrative remedies. *See id.* at 662-63; *Mullenaux*, 293 Or at 541 (a party must afford the agency an adequate opportunity to rule on his or her claims). We accordingly affirm the Board's order.

Affirmed.

---

[5] Because we hold that claimant failed to exhaust his administrative remedies, we do not reach insurer's alternative argument that due process does not require a hearing under these circumstances.