Argued and submitted February 19, remanded for reconsideration March 27, 2002

In the Matter of the Compensation of
Stephen H. Johnson, Claimant.

Stephen H. JOHNSON,
*Petitioner,*

*v.*

CITY OF SALEM,
*Respondent.*

99-08961, 00-01335; A112621

43 P3d 464

David C. Force argued the cause and filed the brief for petitioner.

Sandra K. Haynes argued the cause for respondent. On the brief were Joseph D. Robertson, Chess Trethewy and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of a Workers' Compensation Board order, arguing that he was entitled to testify and submit other evidence at the hearing on his claim for permanent total disability. When the board issued its order, the Supreme Court had not yet decided *Koskela v. Willamette Industries, Inc.*, 331 Or 362, 15 P3d 548 (2000). In rejecting claimant's position, the board expressly relied on our decision in that case. *See Koskela v. Willamette Industries, Inc.*, 159 Or App 229, 978 P2d 1018 (1999). Also, when the board issued its order, we had not yet decided *Everett v. SAIF*, 179 Or App 112, 38 P3d 952 (2002), which holds that, as a condition to a claimant's right to present evidence in a testimonial form at hearing, the claimant must exhaust his or her administrative remedies by presenting the evidence in documentary form at the prior level of review.

Resolution of most of claimant's arguments will turn on how the Supreme Court's decision in *Koskela* applies to the particular issues in dispute. They also may turn on *Everett*'s application in light of the development of the record at prior levels of review. The other issues that claimant raises may be affected as well if, as claimant argues, he is entitled to present new evidence at the hearing. Because the board did not have the benefit of either the Supreme Court's decision in *Koskela* or of our decision in *Everett* when it issued its order, and because we do not have the benefit of the board's consideration and application of those precedents in this case, we remand to the board for reconsideration in light of those decisions. ORS 656.298(7); ORS 183.482(8)(a) (on review, this court may "affirm, reverse or remand the order").

Remanded for reconsideration.