Argued and submitted October 5, 2004, reversed and remanded for reconsideration
May 4, 2005

In the Matter of the Compensation of
James D. Pietrzykowski, Claimant.

James D. PIETRZYKOWSKI,
*Petitioner,*

*v.*

ALBERTSONS, INC.,
*Respondent.*

02-04383; A121235

111 P3d 802

Jodie Phillips Polich argued the cause for petitioner. With her on the opening brief were Law Offices of Jodie Anne Phillips Polich, P. C., and George J. Wall and Welch, Bruun & Green.

Kenneth Kleinsmith argued the cause for respondent. With him on the brief was Radler, Bohy, Replogle & Miller.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

**EDMONDS, J.,**

Claimant seeks judicial review of a Workers' Compensation Board (board) order that reduced an award on reconsideration of 28.53 percent scheduled permanent partial disability for claimant's binaural hearing loss by the Department of Consumer and Business Services (department) to an award of 6.88 percent. ORS 656.298(1). In making that award, the board held that the administrative law judge (ALJ) did not err in allowing employer to raise the issue of the reliability of an audiogram for the first time at the hearing before the ALJ. We review the board's factual findings in its order for substantial evidence and its legal conclusions for errors of law, ORS 656.298(7) and ORS 183.482, and remand.

The following historical facts from the board's order frame the issue on review:

"Claimant has an accepted claim for bilateral high-tone hearing loss.[1] On February 27, 2001, Dr. Lindgren, the attending physician, performed an audiogram that revealed binaural hearing loss of 6.88 percent. Dr. Lindgren verified that claimant had no noise exposure for more than 24 hours before the examination.

"On June 26, 2001, Dr. Lipman examined claimant at the employer's request. Dr. Lipman's audiologist performed an audiogram that showed a substantially greater degree of hearing loss than that measured by Dr. Lindgren. Dr. Lipman's report did not mention whether claimant had been exposed to any noise during the 14 hours preceding the audiogram.

"On February 14, 2002, a Notice of Closure awarded 6.88 percent scheduled permanent disability. Dr. Lindgren subsequently reviewed Dr. Lipman's report, including the audiogram results, and concurred with his findings and conclusions. Claimant requested reconsideration of the closure notice, but did not indicate any disagreement with the impairment findings or request a medical arbiter examination.

---

[1] Claimant worked for over 20 years as a meat cutter for employer.

"On May 13, 2002, an Order on Reconsideration increased claimant's scheduled permanent disability award from 6.88 percent to 28.53 percent based on Dr. Lipman's audiogram results (as concurred by Dr. Lindgren). The employer requested a hearing."

At the hearing, the ALJ framed the issue between the parties as "which audiogram [Lipman's or Lindgren's] should be used in rating claimant's permanent disability." The ALJ affirmed the notice of closure award of 6.88 percent scheduled permanent disability for binaural hearing loss concluding that "Lipman's results are less reliable * * *." On appeal, the board affirmed the ALJ's order.

■ On review, claimant makes two assignments of error. First, claimant argues that the board erred in its finding that employer had "no reason" to object to the use of Dr. Lipman's report until the order on reconsideration issued and in its conclusion that employer could raise the deficiency in Lipman's report for the first time at the hearing before the ALJ. In support of his argument, claimant points to his request for reconsideration of the notice of closure by the department, which included Lipman's and Lindgren's audiograms, Lindgren's concurrence with Lipman's report, and claimant's requests that Lipman's audiogram be used to rate claimant's impairment. Claimant argues that "[employer] did not raise its objection to the use of Dr. Lipman's report to rate claimant's permanent impairment during the reconsideration proceedings, and since that issue could have been raised at that point, the Employer is precluded from raising this issue at hearing." In support of that argument, claimant relies on ORS 656.283(7)[2] and this court's discussion of

---

[2] ORS 656.283(7) provides, in part:

"Except as otherwise provided in this section and rules of procedure established by the board, the Administrative Law Judge is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice. * * * Evaluation of the worker's disability by the Administrative Law Judge shall be as of the date of issuance of the reconsideration order pursuant to ORS 656.268. Any finding of fact regarding the worker's impairment must be established by medical evidence that is supported by objective findings. The Administrative Law Judge shall apply to the hearing of the claim such standards for evaluation of disability as may be adopted by the director pursuant to ORS 656.726. Evidence on an issue regarding a notice of closure that was not submitted at the reconsideration required by ORS 656.268 is not admissible at

exhaustion of administrative remedies in *Everett v. SAIF*, 179 Or App 112, 118, 38 P3d 952, *rev den*, 334 Or 76 (2002).[3] Employer responds that "[h]aving defined the issues [for reconsideration], the claimant had the obligation to prove his contention by competent evidence" and the failure to "demonstrate the doctor's compliance with the rules" is his alone. Employer adds that claimant, by his argument, is attempting to shift responsibility to "employer who cannot know the result of a hearing dispute until an Order of Reconsideration is issued."

The uncontroverted evidence in the record shows that employer received Lipman's report in July 2001. As the board stated, the report did not mention whether claimant had been exposed to any noise during the 14 hours preceding the audiogram. OAR 436-035-0250(3)(b) provides, "Test results [from an audiogram] will be accepted only if they come from a test conducted at least 14 consecutive hours after the worker has been removed from significant exposure to noise." Claimant made his request for reconsideration by the department in March 2002. The department issued its order on reconsideration on May 13, 2002. Contained in the department's order are the following statements and conclusions:

> "The parties do not disagree with the impairment findings provided at the time of claim closure. Therefore, no medical arbiter exam was scheduled. * * *

hearing, and *issues that were not raised by a party to the reconsideration may not be raised at hearing unless the issue arises out of the reconsideration order itself.* However, nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present the reconsideration record at hearing to establish by a preponderance of that evidence that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order pursuant to ORS 656.268. If the Administrative Law Judge finds that the claim has been closed prematurely, the Administrative Law Judge shall issue an order rescinding the notice of closure."

(Emphasis added.)

[3] In *Everett*, we held that "[a] claimant must complete the process set out at each stage of administrative review before proceeding to the next level." 179 Or App at 118. We explained that the statutory scheme contemplates that the department "should be given a fair chance to correct any error before a claimant seeks to exercise whatever rights and remedies may be available at hearing." *Id.* at 119.

"Claimant's attorney submitted additional medical information consisting of a 6-26-01 audiogram from Derek Lipman, M.D. and Dr. Lindgren's concurrence. This is the most recent hearing loss audiogram and is thus a more accurate evaluation of the worker's condition at the time of claim closure and will be admitted to the record pursuant to ORS 656.268(6).

"* * * * *

"The worker's attorney raises issue with the rating of scheduled impairment. A review of the findings of impairment as taken from the 6-26-01 audiogram provides the following * * * 27.75% for hearing loss in the right ear and 34.00% for hearing loss in the left ear.

"* * * * *

"We find this worker to be entitled to 28.53% scheduled permanent partial disability at this claim closure."

The hearing record before the ALJ was completed in September 2002. At hearing, employer objected for the first time that the department improperly relied on Lipman's report because he did not verify that claimant had been removed from noise exposure at least 14 hours before the audiogram. Thereafter, the ALJ concluded that claimant had not carried his burden of proof regarding the extent of his disability because,

"[u]nder the circumstances, I conclude that Lipman's results are less reliable than Lindgren's. Contrary to claimant's contention, Lindgren's concurrence with Lipman's findings does not cure Lipman's report under the Director's rule, and there is no legal basis for precluding employer from challenging the reliability of Lipman's findings."

On appeal, the board adopted the ALJ's opinion with supplementation. It also rejected claimant's argument that employer should have challenged Lipman's report on the basis of OAR 436-035-0250(3)(b), reasoning that

"In *Marvin Wood Products v. Callow*, 171 Or App 175, 183[, 14 P3d 686] (2000), the court explained that, under the current statutory scheme, the hearing before the ALJ is on the reconsideration record made before the Department of Consumer and Business Services and is limited to the

issues raised on reconsideration. The record may be supplemented only with a medical arbiter report that was not prepared in time for use in the reconsideration process, ORS 656.268(6)(f), and the issues may be expanded only to consider those 'arising out of the reconsideration order itself.' ORS 656.283(7); *see also* ORS 656.268(8).

"Here, it was not until the Order on Reconsideration issued that the employer first became aware of how the Appellate Review Unit would utilize Dr. Lipman's report. In other words, there was no reason for the employer to object to the use of that report to rate claimant's permanent impairment until the Order on Reconsideration issued. Therefore, the employer appropriately raised the issue of the inadequacy of Dr. Lipman's findings, which 'arose out of the reconsideration order itself,' by requesting a hearing."

■ ORS 183.482(8)(c) provides, "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." In order for us to conduct a review under ORS 183.482(8)(c), "we must be able to know what the Board found as fact and why it believes that its findings led to the conclusions that it reached. That requires a reasoned opinion based on explicit findings of fact." *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988) (footnote omitted); *see also Christman v. SAIF*, 181 Or App 191, 197-98, 45 P3d 946 (2002) (holding that, for us to conduct meaningful review of the board's opinion for substantial evidence, the board must explain its conclusions in a manner that is supported by substantial reason).

Here, there is substantial evidence to support the ALJ's finding that Lipman's report was less reliable than Lindgren's report. A reasonable factfinder could conclude that claimant failed to carry his burden of proof regarding the extent of his disability because Lipman did not address the provisions of OAR 436-035-0250(3)(b). However, the board's rejection of claimant's argument that employer should have raised its objection to Lipman's report before the department is a different matter.

We are unable to discern from the board's order whether it rejected claimant's argument—that employer's objection had to be made to the department—on the basis of

a conclusion of law, on the basis of a finding of fact, or on both grounds. If the board intended to hold that there was no legal requirement that employer raise the issue before the department based on its citation to and explanation of the holding in *Marvin Wood Products*, then the factual predicate to such a conclusion appears to be (under the board's reasoning) *the issue of the reliability* of Lipman's report, because of its failure to comply with OAR 436-035-0250(3)(b). Under the board's apparent reason that was not an issue before the department and became an issue for the first time after the reconsideration order issued. However, if that is the board's implicit finding, its order fails to explain why the issue of the reliability of Lipman's report was not before the department. According to the board, employer did not advance the specific *argument* that Lipman's report was flawed because it did not comply with OAR 436-035-0250(3)(b) before the order on reconsideration issued, but the issue of which report more persuasively reflected the extent of claimant's disability was before the department. Our uncertainty about the board's reasoning leaves us to wonder whether the board intends to create a rule of law by case decision that distinguishes between what constitutes an "issue" and what constitutes an "argument" for purposes of a common-law "raise it or waive it" doctrine or whether it relies on an alternative rationale.

The board also cites ORS 656.283(7) and ORS 656.268(8). The former provides, in relevant part, that

> "[e]vidence on an issue regarding a notice of closure that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing, and issues that were not raised by a party to the reconsideration may not be raised at hearing unless the issue arises out of the reconsideration order itself."

The latter provides, "No hearing shall be held on any issue that was not raised and preserved before the director at reconsideration. However, issues arising out of the reconsideration order may be addressed and resolved at hearing." Thus, the board's reasoning may turn on what constitutes an "issue" for purposes of ORS 656.283(7) and ORS 656.268(8). If that is the case, then the board's order fails to undertake an analysis of the legislature's intention as reflected by the language of the above statutes.

Alternatively, if the board intended to find as fact that employer was unaware of the purported deficiency in Lipman's report until after the order on reconsideration and, as a result, there was no reason for it to object until the order issued, then that finding does not appear to be supported by substantial evidence in light of employer's receipt of Lipman's report. Thus, the board must explain why the purported deficiency in Lipman's report was not apparent to employer. Also, if that is the board's premise, it must consider the legal implications of those findings as they bear on the procedural requirements, if any, that govern the conduct of the division's hearings. In other words, the board's explanation that "there was no reason for the employer to object to the use of [Lipman's report] to rate claimant's permanent impairment until the Order on Reconsideration issued" does not appear to be supported by substantial evidence.[4]

The board does cite *Crowder v. Alumaflex,* 163 Or App 143, 986 P2d 1269 (1999), in which we considered the import of ORS 656.283(7) as it pertained to the applicability of a new rate change for permanent partial disability on reconsideration. We noted, "ORS 656.283(7) speaks of issues that must be raised or lost. That language invokes the common-law principles of claim preclusion and preservation and consequently, it is those principles that inform our understanding of the legislature's intent." *Crowder,* 163 Or App at 148. How the board believes that our holding in *Crowder* aids its determination that employer was not required to raise the

---

[4] The Supreme Court in *Trujillo v. Pacific Safety Supply,* 336 Or 349, 369-71, 84 P3d 119 (2004), observed that at the reconsideration stage "multiple avenues for requesting and submitting additional evidence, including the cross-examination of witnesses" exist pursuant to a number of relevant statutes and rules. *Id.* at 369. In *Trujillo* at 372-74, the Supreme Court faulted the claimants for "having failed to take full advantage of the procedures that were available * * * under the existing rules and statutes during reconsideration[.]" *Id.* at 371. Those same procedures were available to employer in this case. Just as it is unclear under the board's explanation why employer was not required to take advantage of those procedures, it is unclear whether the board considered the applicability of ORS 656.310(2), which provides:

"The contents of medical, surgical and hospital reports presented by claimants for compensation shall constitute prima facie evidence as to the matter contained therein; so, also, shall such reports presented by the insurer or self-insured employer, provided that the doctor rendering medical and surgical reports consents to submit to cross-examination. * * *"

*See also Trujillo,* 336 Or at 361 n 13 (quoting same).

issue to the department is unclear to us in light of the fact that employer had Lipman's report months before the notice of closure. For all of the above reasons, we cannot conduct a meaningful review of the board's order.

In his second assignment of error, claimant argues that the board erred when it upheld the ALJ's denial of claimant's request to testify at the hearing, that he was not subjected to significant exposure to noise for 14 hours before Lipman conducted his audiogram. In affirming the ALJ's denial, the board relied on our holding in *Trujillo v. Pacific Safety Supply*, 181 Or App 302, 45 P3d 1017 (2002). In that case, the claimant asserted a constitutional right to due process to present new evidence at a hearing before the ALJ to determine the amount of permanent partial disability benefits arising from his work related conditions. *Id.* at 304-05. We applied the three-part analysis in *Mathews v. Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976) and concluded that under the circumstances, the claimant did not have a due process right to present new evidence at hearing. *Id.* at 308. The Supreme Court allowed review, *Trujillo v. Pacific Safety Supply*, 336 Or 349, 84 P3d 119 (2004), and concluded that it was unable to reach the due process issue, because the claimant had failed to exhaust his administrative remedies.

Because of our disposition of claimant's first assignment of error, it is inappropriate for us to address his second assignment of error. On remand, the board will have the opportunity to reconsider whether employer is entitled to challenge the reliability of Lipman's audiogram for the first time at hearing. If the board determines under the applicable law that employer's failure to raise that issue to the department prevents it from raising it at the hearing, then the question of claimant's due process right, if any, to offer rebuttal testimony at the hearing will no longer be at issue. On the other hand, if the board decides that employer was entitled to raise that issue at the hearing, then the board must engage in the weighing process described in *Trujillo* with the facts in this case to determine if claimant has a due process right to rebut employer's evidence. Under either alternative, for us to

express an opinion now would be premature and only advisory in nature.

Reversed and remanded for reconsideration.