Argued and submitted November 8, 2006, affirmed May 2, 2007

In the Matter of the Compensation of
James D. Pietrzykowski, Claimant.

James D. PIETRZYKOWSKI,
*Petitioner,*

*v.*

ALBERTSONS, INC.,
*Respondent.*

Workers' Compensation Board
0204383; A130932

157 P3d 1268

George J. Wall argued the cause and filed the briefs for petitioner.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Radler, Bohy, Replogle & Miller.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

This workers' compensation claim is before us for the second time. In its first order, the Workers' Compensation Board overturned an award on reconsideration of 28.53 percent disability for claimant's hearing loss and reinstated employer's notice of closure and award of 6.88 percent. In *Pietrzykowski v. Albertsons, Inc.*, 199 Or App 387, 111 P3d 802 (2005) (*Pietrzykowski I*), we reversed and remanded the board's order for a more complete explanation of its decision. On remand, the board adhered to its former order, as amplified. Claimant seeks judicial review, contending once again that the board erred, and we affirm.

Claimant has an accepted claim for work-related hearing loss. In February, 2001, Dr. Lindgren examined claimant and determined that his hearing loss entitled him to scheduled permanent partial disability benefits of 6.88 percent and also verified that the audiogram had been conducted more than 24 hours after noise exposure. In June 2001, Dr. Lipman examined claimant at employer's request. His audiogram showed a higher level of hearing loss and resulted in respectively higher disability benefits (28.53 percent) than earlier reported by Lindgren. His test report, however, did not state whether claimant had been exposed to noise within the 14 hours preceding the audiogram, as required by OAR 436-035-0250(3)(b) ("Test results will be accepted only if they come from a test conducted at least 14 consecutive hours after the worker has been removed from significant exposure to noise."). Lindgren subsequently concurred in Lipman's report. Employer closed the claim and based its award on the level of hearing loss stated in Lindgren's report.

On claimant's request for reconsideration of the closure notice, the Appellate Review Unit of the Workers' Compensation Division of the Department of Consumer and Business Services (ARU) had before it both audiograms and increased claimant's award to 28.53 percent based on Lipman's more recent audiogram. Employer requested a hearing, and, at the hearing, challenged for the first time the use of Lipman's report for the rating of claimant's impairment. Employer argued that the report failed to state

whether claimant had been exposed to noise during the 14 hours preceding the audiogram and that, for that reason, it was unreliable. The administrative law judge (ALJ) concluded that there was no legal impediment to employer's challenge to Lipman's audiogram and found that Lipman's results were less reliable than Lindgren's. The ALJ reduced claimant's award to 6.88 percent. Claimant appealed to the board.

ORS 656.283(7) sets forth the rules of evidence applicable to hearings and provides, in part:

"Evidence on an issue regarding a notice of closure that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing, and issues that were not raised by a party to the reconsideration may not be raised at hearing unless the issue arises out of the reconsideration order itself. However, nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present the reconsideration record at hearing to establish by a preponderance of that evidence that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order pursuant to ORS 656.268."

Similarly, ORS 656.268(8) provides:

"No hearing shall be held on any issue that was not raised and preserved before the director at reconsideration. However, issues arising out of the reconsideration order may be addressed and resolved at hearing."

Before the board, claimant objected to the ALJ's consideration of employer's challenge to the reliability of Lipman's report, contending that the issue of the reliability of Lipman's report had not been raised by employer at the reconsideration proceeding and therefore employer had not exhausted its administrative remedies and could not raise the issue at the hearing. The board rejected claimant's exhaustion contention. Relying on our opinion in *Marvin Wood Products v. Callow*, 171 Or App 175, 183, 14 P3d 686 (2000) (issues may be expanded at hearing only to consider those "arising out of the reconsideration order itself"), and ORS 656.283(7), the

board explained that employer need not have raised on reconsideration the issue of the reliability of Lipman's report in order to raise the reliability of the report before the ALJ because that issue arose out of the reconsideration order itself:

> "[I]t was not until the Order on Reconsideration issued that the employer first became aware of how the Appellate Review Unit would utilize Dr. Lipman's report. In other words, there was no reason for the employer to object to the use of that report to rate claimant's permanent impairment until the Order on Reconsideration issued. Therefore, the employer appropriately raised the issue of the inadequacy of Dr. Lipman's findings, which 'arose out of the reconsideration order itself,' by requesting a hearing."

The board upheld the ALJ's order. On review of the board's first order, we held in *Pietrzykowski I* that there was substantial evidence to support the board's finding that Lipman's report was less reliable than Lindgren's report. 199 Or App at 393. However, we held that the board's order had failed to make clear its reasoning in support of its conclusion that employer's objections to the reliability of Lipman's report did not need to be raised on reconsideration. We accordingly held that we could not conduct a meaningful review of the board's order and remanded the case to the board for reconsideration. 199 Or App at 394. In light of our remand, we did not address claimant's additional contention that, if employer's challenge to Lipman's report could be considered at the hearing, then he must be permitted to testify that, in fact, he was not exposed to noise less than 14 hours before the hearing test. 199 Or App at 396.

In its order on remand, the board provided a lengthy explanation for its decision to consider evidence of the reliability of the Lipman audiogram. In explaining the first rationale for its decision, the board analogized this case to *Crowder v. Alumaflex*, 163 Or App 143, 986 P2d 1269 (1999), in which we held that the claimant was not precluded from seeking at hearing a higher, newly enacted, rate of disability even though he had not requested a change in the rate at the time of reconsideration. We reasoned in a footnote that the purpose of the reconsideration process is to streamline the

correction of errors and that, because, at the time of reconsideration, the law had not yet been amended to increase the disability rate, there was no error at the time of reconsideration to be corrected. 163 Or App at 149 n 3.

Seizing on our comment in *Crowder* that the reconsideration process is for the correction of errors, the board concluded that, when a notice of closure contains no errors, the parties are not required to anticipate at reconsideration errors that might arise out of the reconsideration process itself. The board reasoned that, because the notice of closure was correct, employer was not required to anticipate that the ARU might mistakenly increase the award in reliance on Lipman's audiogram, in violation of the standards for rating claims; it therefore had no obligation to inform the ARU in advance of the report's deficiency. The board noted that it is the claimant's burden to establish at reconsideration a level of impairment higher than that provided in the notice of closure and not the employer's burden to support its award. The board explained that, because of the ARU's erroneous reliance on Lipman's report, the issue of the reliability of Lipman's report arose out of the reconsideration order itself. Thus, the board concluded, employer was not precluded from raising that deficiency at the hearing.

Alternatively, the board explained that the issue on reconsideration of the extent of claimant's disability as a result of work-related hearing loss, including the reliability of Lipman's report, was before the ARU and, therefore, was not a new "issue" at the time of the hearing. Consequently, the board concluded, employer was not required to raise separately and independently on reconsideration the issue of the reliability of Lipman's audiogram.

The board further explained that the ARU, the ALJ, and the board each have an independent obligation under the statutes to properly evaluate the extent of claimant's disability and that, if it were prohibited at the hearing stage from considering the defect in the Lipman report because the defect had not been raised at reconsideration, then that could result in a violation of the board's statutory duty to apply the director's standards in evaluating disability.

Finally, citing *Trujillo v. Pacific Safety Supply*, 336 Or 349, 84 P3d 119 (2004), the board adhered to the ruling in

its first order that claimant was precluded by ORS 656.283(7) from putting on evidence that he had not been exposed to noise for 14 hours before Lipman conducted the audiogram, because claimant could have introduced that evidence on reconsideration and therefore had failed to exhaust his administrative remedies. Claimant seeks judicial review of the board's order on remand. Now, being fully advised of the board's rationale, we affirm.

The arguments on review reprise those presented in the first petition for judicial review. In his first assignment of error, claimant contends that the board erred in allowing employer to present argument concerning the deficiency in Lipman's report, because employer failed to raise on reconsideration the issue of the reliability of the audiogram and thereby failed to preserve the error and exhaust its administrative remedies. Claimant notes that the purpose of ORS 656.283(7), as pointed out in *Crowder* and shown by the legislative history, is to reduce the costs of litigation and to streamline the appeal process. 163 Or App at 149 n 3. In light of the fact that employer knew of Lipman's report well before the reconsideration order issued and could have raised the issue of the unreliability of his findings during the reconsideration process, he contends that ORS 656.283(7) prevents employer from raising the issue at the hearing. Employer counters with the same argument it raised in the first judicial review and that the board found persuasive—that the issue of the ARU's reliance on Lipman's audiogram arose out of the reconsideration order.

We need not engage in a lengthy analysis of whether, for purpose of ORS 656.283(7) and ORS 656.268(8), the issue of the reliability of Lipman's report was before the ARU when it evaluated the medical record in order to determine claimant's disability. It clearly was, even if employer had not raised before the ARU the particular concern that the evidence failed to show whether the testing had been conducted more than 14 hours after claimant's exposure to noise. As the board explained, in reconsidering the notice of closure, it is the ARU's duty to weigh the evidence and determine a claimant's disability under the director's standards. ORS 656.268(5). That weighing of evidence naturally encompasses consideration of whether medical reports persuasively establish the extent of a worker's disability. The board

engages in that same weighing in its own evaluation of the record on *de novo* review. ORS 656.283(7); ORS 656.295(5). Thus, as the board here explained, the issue of the reliability of Lipman's report was before the ARU and the board and was encompassed within the scope of the ARU's responsibility to weigh the evidence in carrying out its function to determine the rating of claimant's disability. We therefore conclude that employer need not have raised before the ARU the precise argument that it made before the ALJ as to why the evidence offered by claimant was not persuasive.

■ Our conclusion is consistent with statutory provisions relating to a party's use of the reconsideration record at the hearing to establish that the standards were incorrectly applied in the reconsideration order. ORS 656.283(7) provides, in part:

> "[N]othing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present the reconsideration record at hearing to establish by a preponderance of that evidence that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order pursuant to ORS 656.268."

Similarly, ORS 656.295(5) provides, in part:

> "The board shall apply to the review of the claim such standards for the evaluation of disability as may be adopted by the Director of the Department of Consumer and Business Services pursuant to ORS 656.726. Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence to establish by a preponderance of the evidence that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order pursuant to ORS 656.268."

The opportunity to establish at the hearing and before the board that the standards were incorrectly applied on reconsideration encompasses the ability to explain why the reconsideration record shows that the claimant did not satisfy his burden of proof. It would be a hollow process indeed to permit a party to present the reconsideration record at the hearing in order to show that the standards were incorrectly applied

by the ARU if it could not also explain how the standards were incorrectly applied. We conclude for that additional reason that ORS 656.283(7) and ORS 656.268(8) do not prevent a party from offering at the hearing new argument concerning why the reconsideration record shows that a party has not met its burden of proof.

■     Finally, we address claimant's contention that considerations of procedural due process require that he be permitted to offer evidence at the hearing that Lipman's audiogram was, in fact, conducted more than 14 hours after noise exposure. As the board explained, there were several means available to claimant at the reconsideration level by which he could have presented the evidence necessary to satisfy his burden of proof that Lipman's report was persuasive. *See, e.g.*, ORS 656.268(6)(a). In light of his failure to exhaust those administrative remedies, we conclude that claimant's due process concerns are not implicated. *Trujillo*, 336 Or at 366-67. (The doctrine of exhaustion of administrative remedies requires a party to raise issues before the administrative agency and timely and adequately address the merits of the dispute before the agency.)

Affirmed.