Argued and submitted July 7, 2011, affirmed February 8, 2012

In the Matter of the Compensation of
Debra Carr, Claimant.

PRESSING MATTERS
and CNA Claimplus,
*Petitioners,*

*v.*

Debra CARR,
*Respondent.*

Workers' Compensation Board
0900149; A143893

273 P3d 170

Jerald P. Keene argued the cause and filed the briefs for petitioners.

Roger Ousey argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Employer seeks review of an order of the Workers' Compensation Board that determined that employer had prematurely closed claimant's claim because the supporting medical documentation lacked sufficient information to close the claim pursuant to ORS 656.268(1)(a). We conclude that the board did not err and affirm.

After 20 years working as a presser for a drycleaner, claimant began to experience symptoms in both of her hands and arms. Employer accepted a claim for bilateral carpal tunnel syndrome and right lateral epicondylitis, and claimant had surgery on both hands. Employer closed the claim in March 2007. Claimant's symptoms continued, and employer reopened the claim on an aggravation basis on July 1, 2008. In August 2008, Dr. Korpa declared claimant's accepted conditions to be medically stationary and rated claimant's permanent impairment. Based on Korpa's report, employer issued a notice of closure on August 14, 2008, which it corrected on August 28, 2008, awarding permanent disability benefits including "work disability."

Claimant filed a request for reconsideration, checking a box on the request for reconsideration form indicating that she disagreed with the impairment findings, and seeking an impairment rating for chronic conditions of both wrists and the right elbow. Claimant did not check the box on the form that would request the notice of closure to be reviewed to determine whether the "the insurer closed my claim too soon or closed it improperly (*e.g.*, not medically stationary)." Claimant also did not indicate on the form that she was asserting a contention that the claim had been prematurely closed due to the lack in the physician's closing report of sufficient information under ORS 656.268(1)(a) to rate her impairment.

The form on which to request reconsideration contains this notice:

"Notice to all parties: A request for reconsideration automatically includes review of the appropriateness of the closure under ORS 656.268 (*e.g.* medically stationary, sufficient information to close, etc.)[.]"

The Department of Consumer and Business Services appointed Dr. Young as a medical arbiter to reassess claimant's impairment. Young examined claimant and reported that her bilateral carpal tunnel syndrome and right lateral epicondylitis conditions had worsened and that she was no longer medically stationary. In Young's opinion, claimant's worsened condition was attributable to her working beyond her restrictions. He recommended that claimant be retrained to light duty work and that she undergo a new nerve conduction study. He suggested that additional surgery might be necessary.

When a worker's condition deteriorates between the time of the notice of closure and the reconsideration so that the worker is no longer medically stationary, both parties may agree to postpone the reconsideration process until the worker's condition has stabilized. ORS 656.268(7)(i)(B); OAR 436-030-0165(9).[1] Employer declined to postpone the reconsideration proceeding until claimant was medically stationary. The department accordingly proceeded to reconsider the notice of closure as originally issued on August 14, 2008 (as corrected on August 28, 2008), and issued an order on reconsideration affirming employer's notice of closure and corrected notice of closure based on a report from claimant's attending physician, Korpa. On that same date, claimant's

---

[1] ORS 656.268(7)(i)(B) provides:

"If the worker's condition has substantially changed since the notice of closure, upon the consent of all the parties to the claim, the director shall postpone the proceeding until the worker's condition is appropriate for claim closure[.]"

OAR 436-030-0165(9) provides:

"When the worker's medical condition is not stationary on reconsideration which may result in difficulties in obtaining findings of impairment by the arbiter, the director will, where appropriate, send a letter to the parties requesting consent to defer the reconsideration proceeding.

"(a) If the parties agree to the deferral, the reconsideration proceeding will be deferred until the medical record reflects the worker's condition has stabilized sufficiently to allow for examination to obtain the impairment findings. * * *

"(b) If deferral is not appropriate, at the director's discretion either a medical arbiter examination or a medical arbiter record review may be obtained, or the director may issue an Order on Reconsideration based on the record available at claim closure and other evidence submitted in accordance with ORS 656.268(6)."

counsel forwarded to the department a report from Dr. Ampel, a consulting physician, concurring in the arbiter's conclusions and suggesting that claimant's worsened symptoms represented ulnar neuropathy, a condition not previously claimed or accepted. The department withdrew its original order so that claimant could offer Ampel's report into the record.

In its second order on reconsideration, the department adhered to the original order. Because employer had not consented to postponement of the reconsideration proceeding, the department determined claimant's impairment based on the record developed as of the time of closure on August 14, 2008. Because the medical arbiter had determined that claimant was not medically stationary, the department did not use his report to rate impairment and instead used Korpa's rating of impairment. The department admitted Ampel's report into the record but declined to consider it for the purpose of rating claimant's impairment, because the attending physician had not reviewed it or concurred in it. *See SAIF v. Owens*, 247 Or App 402, 411-15, 270 P3d 343 (2011) (on reconsideration, only the impairment findings of the medical arbiter and the attending physician may be considered in determining a claimant's impairment).

The order on reconsideration expressly addressed the issue of premature claim closure:

**"Medically Stationary/Premature Closure:**

*"The worker's attorney raised the issue of medically stationary status and premature closure.* Upon review, we find the worker was seen by her attending physician on August 4, 2008, at which time the physician performed a complete closing evaluation, declared the worker medically stationary, and reported the worker had sustained no permanent impairment due to the accepted conditions. Therefore, the medically stationary date of August 4, 2008, as determined by the attending physician, is affirmed pursuant to OAR 436-030-0035(1). When the worker becomes medically stationary and the attending physician has provided a closing report detailing measurements and findings regarding permanent impairment, the claim qualifies for closure. *See* OAR 436-030-0020(1)(a) and OAR 436-035-0007(5). The

claim closure of August 14, 2008, as corrected on August 28, 2008, was not premature. The Notice of Closure is affirmed in this regard."

(Emphasis added.)

Claimant filed a request for hearing, arguing that Korpa's closing report did not contain "sufficient information" from which to determine permanent disability pursuant to ORS 656.268(1)[2] and OAR 436-030-0020(2), and, thus, the claim had been closed prematurely. The ALJ agreed and set aside the notice of closure.

Employer appealed the ALJ's order to the board, contending that the ALJ should not have addressed claimant's objection to the sufficiency of the information in Korpa's report, because claimant had not preserved the issue of premature claim closure for consideration by the ALJ, as required by ORS 656.268(8) and ORS 656.283(7), by checking the box on the reconsideration request form that requested review of claim closure, or by otherwise raising the issue in her request for reconsideration.

ORS 656.268(8) provides:

"No hearing shall be held on any issue that was not raised and preserved before the director at reconsideration. However, issues arising out of the reconsideration order may be addressed and resolved at hearing."

Similarly, at the relevant time, ORS 656.283(7) (2007) provided:

"Evidence on an issue regarding a notice of closure that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing, and issues that were not raised by a party to the reconsideration may not be raised at hearing unless the issue arises out of the reconsideration order itself."

In employer's view, under those statutes, only issues that are preserved by a claimant on reconsideration may be raised at

---

[2] ORS 656.268(1) provides that "[t]he insurer or self-insured employer shall close the worker's claim * * * when:

"(a) The worker has become medically stationary and there is sufficient information to determine permanent disability[.]"

the hearing. Employer contended that, claimant having failed on reconsideration to challenge the notice of closure as premature, she could not assert that ground before the ALJ or the board.

The board rejected employer's preservation argument, noting that OAR 436-030-0115(5) expressly required that, on reconsideration, "the director will review those issues raised by the parties *and the requirements under ORS 656.268(1)*." (Emphasis added.) The board explained that ORS 656.268(1) provides that a claim may be closed only when the worker "has become medically stationary and there is sufficient information to determine permanent disability." The board reasoned that the issue of premature closure is necessarily among the issues that the Appellate Review Unit (ARU) *must* consider on reconsideration and, thus, the question whether there is sufficient information for closure arises out of the reconsideration order itself and need not be separately preserved by the claimant.

Employer further contended that, if the board is correct that the issue was preserved for the board's review, sufficient information existed to close the claim. On that issue, the board also agreed with claimant, concluding that employer lacked sufficient information to close the claim based on Korpa's report and that the notice of closure was therefore premature.

On judicial review, employer contends that .the board's analysis is flawed. Employer continues to dispute the board's conclusion that every reconsideration request necessarily puts before the director the issues whether the claimant was medically stationary and whether there was sufficient information for claim closure and, consequently, there is no need for a claimant to specifically assert on reconsideration that a claim was not ripe for claim closure. In employer's view, the board's rationale conflicts with ORS 656.268(8) and ORS 656.283(7) and effectively renders superfluous the preservation requirements of those statutes. Employer concedes that, as the board held, there are some issues (including premature closure and whether the claimant is medically stationary or there is sufficient information for closure) that are inherently a part of every impairment

rating and that, necessarily, must be "considered" by the director on reconsideration. For example, employer does not dispute that, under ORS 656.268(6)(a)(C), the director has authority to set aside any claim closure that was not closed in accordance with ORS 656.268(1). However, in employer's view, despite the director's authority and obligation to consider those issues on reconsideration, a claimant must nonetheless raise particular concerns about premature claim closure with the director in order to preserve challenges to the director's order based on those issues.

We are in general agreement with employer's statutory analysis. Although the director has the authority (and the obligation) under ORS 656.268 to consider issues relating to the correctness of claim closure, in order to preserve a challenge to the director's order based on a defect in claim closure, *the claimant* must raise that issue with the director. It is not sufficient to conclude, as the board reasoned, that the issue of premature closure is implicitly "raised" in every order by virtue of the director's obligation to evaluate whether a claim was properly closed. In order to be preserved for hearing, the issue of premature claim closure must be raised by the claimant seeking reconsideration.[3]

In any event, we conclude that the issue of premature closure *was* preserved. The order on reconsideration recited that "[t]he worker's attorney raised the issue of medically stationary status and premature closure" and contained a paragraph resolving that issue. Employer describes that statement as "anomalous," in view of the fact that claimant did not check the box on the reconsideration request form indicating that she was raising premature closure as an issue. However, the medical arbiter reported that claimant was no longer medically stationary. The ARU itself sent a letter to the parties explaining that the medical arbiter had

---

[3] We note that this case is distinguishable from *Pietrzykowski v. Albertsons, Inc.*, 212 Or App 421, 427-28, 157 P3d 1268 (2007). There, we held that, on the claimant's request for reconsideration, the *employer* had no obligation to preserve the precise argument that it made before the ALJ as to why the evidence in the reconsideration record failed to meet the claimant's burden of proof. Here, the question is whether, on the claimant's request for reconsideration, the *claimant* must raise challenges in aid of the claimant's own burden of proof in order to preserve those challenges for hearing.

reported that claimant was not medically stationary and asking whether the parties agreed to postpone the reconsideration proceeding. Claimant also submitted to the ARU a report by Ampel, who concurred in the medical arbiter's view and expressed the independent opinion that claimant was never medically stationary. Although the medical arbiter's report and Ampel's report were not used to rate claimant's impairment, they were a part of the record and the appellate reviewer was presumably aware of them and their implication that claimant was challenging the closure as premature. In light of that, we conclude that the board correctly concluded that the question of premature closure was before it.

Employer does not challenge on review the board's determination that employer did not have sufficient information to close the claim.

Affirmed.