Argued and submitted May 15, 2014, order on reconsideration dated
November 5, 2012, vacated and remanded for reconsideration of late request
for hearing; otherwise affirmed October 1, 2014

Laurie A. GORDON,
*Petitioner,*

*v.*

TEACHER STANDARDS AND
PRACTICES COMMISSION,
*Respondent.*

Teacher Standards and Practices Commission
2011050021; A150754

337 P3d 133

Elizabeth A. McKanna argued the cause for the petitioner. With her on the briefs was McKanna Bishop Joffe & Arms, LLP.

Denise G. Fjordbeck, Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin C. Lagesen, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Schuman, Senior Judge.

TOOKEY, J.

## TOOKEY, J.

This is a proceeding for judicial review of two orders of the Teacher Standards and Practices Commission (TSPC). The first order is a "default order of suspension" suspending petitioner's teaching license for one year after the TSPC determined that petitioner had committed "gross neglect of duty" within the meaning of ORS 342.175(1)(b) by serving in an administrative capacity for almost four years without an administrator license. The order was issued by default because petitioner failed to timely request a hearing in response to a notice charging her with misconduct. The second order on review is an order on reconsideration, rejecting petitioner's request for a late hearing and for reconsideration of the default order.

We first address petitioner's challenges related to the default order. As the state correctly points out, petitioner did not appear at a hearing and the matter was decided by default, based on the written record in the agency's possession. We agree with the state that petitioner, having failed to appear, has not exhausted her remedies before the agency, and we therefore conclude that petitioner is precluded from raising her contentions relating to the substance of the default order. *See Trujillo v. Pacific Safety Supply*, 336 Or 349, 367-71, 84 P3d 119 (2004) (judicial review of issues precluded when party seeking review failed to exhaust administrative remedies); *Mullenaux v. Dept. of Revenue*, 293 Or 536, 541, 651 P2d 724 (1982) ("Exhaustion of administrative remedies is not accomplished through the expedience of default.").

However, for the reasons explained herein, we conclude that the second order is inadequate for judicial review as to the rejection of petitioner's late request for hearing, because it is not possible for us to determine from the second order whether the TSPC erred in rejecting petitioner's late request without first holding a hearing. We therefore vacate and remand the order for reconsideration on that ground.

We summarize the undisputed underlying facts. Petitioner was first licensed to teach in Oregon in 1979 and, with the exception of a one-year leave of absence, she has taught continuously since that time. In 2004, petitioner successfully completed a program at Lewis and Clark College to

obtain her administrator license. In 2007, she applied for an administrative position with the Clackamas Educational Service District (ESD), and completed and submitted to Lewis and Clark College the materials necessary to obtain her administrator license. At that time, she assumed, incorrectly, that the college would process her application and submit the necessary documentation to the TSPC.

In the summer of 2007, petitioner was hired by the ESD for an administrative position as principal of two schools serving students in residential psychiatric treatment. At that time, petitioner had not yet received a written copy of her administrator license, and she asked a staff person in the ESD human resources department if she should bring it in. The staff person told petitioner that the ESD would obtain her license from the TSPC website. Petitioner did not hear further from the ESD or the TSPC regarding her license, but she took no further action to confirm whether it had in fact been approved.

In fact, the administrator license had not been approved.[1] In 2011, petitioner went to the TSPC website to check into requirements to renew her administrator license and noticed that the website showed only her teaching license. She notified her supervisor. Shortly thereafter, in May 2011, the ESD determined that petitioner did not hold an administrator license and immediately suspended her from her position without pay.

With the assistance of the ESD, petitioner obtained a temporary administrator license for the period of May 24, 2011, through June 30, 2011. On the advice of the ESD, petitioner then resigned from her administrative position effective June 30 and was unemployed during the summer of 2011. But the ESD agreed to offer petitioner a nonadministrative position when one became available, and petitioner was hired for a teaching position in late August 2011.

On September 20, 2011, the TSPC notified petitioner by letter of its decision to charge her with gross neglect of duty based on her violation of several administrative rules because of her failure to have the necessary licensure. The

---

[1] The record does not show why the TSPC did not approve petitioner's administrator license in 2007.

letter also stated, "Your current Standard Teaching License *** issued on January 16, 2008, is valid until January 13, 2013." The letter advised petitioner of her right to request a hearing within 21 days, and it also advised petitioner that, if she did not request a hearing, the TSPC could impose discipline, "which may include suspending or revoking your Oregon teaching license."

Petitioner received the letter by certified mail on September 27, 2011. By that time, petitioner was working at her new teaching job. She did not request a hearing and, on November 14, 2011, the TSPC entered a default order determining that petitioner had committed gross neglect of duty and suspending petitioner's teaching license for one year.

After receiving notice of the suspension, petitioner retained an attorney and requested reconsideration and a stay of the default order. She also filed a late request for hearing, offering submissions in support of a contention that she had been prevented from filing a timely request for hearing by "circumstances beyond [her] reasonable control." OAR 137-003-0528 (2006).[2]

---

[2] At the relevant time, OAR 137-003-0528 provided, in part:

"(1)(a) When a party requests a hearing after the time specified by the agency, the agency may accept the late request only if:

"(A) The cause for failure to timely request the hearing was beyond the reasonable control of the party[.]

"*****

"(3) If the agency or another party disputes the facts contained in the explanation of why the request for hearing is late, the agency will provide a right to a hearing on the reasons why the hearing request is late. The administrative law judge will issue a proposed order recommending that the agency grant or deny the late hearing request.

"(4) In addition to the right to a hearing provided in (2) and (3) of this rule, the agency by rule or in writing may provide in any case or class of cases a right to a hearing on whether the late filing of a hearing request should be accepted. If a hearing is held, it must be conducted pursuant to these rules by an administrative law judge from the Office of Administrative Hearings.

"(5) If the late hearing request is allowed by the agency, the agency will enter an order granting the request and refer the matter to the Office of Administrative Hearings to hold a hearing on the underlying matter. If the late hearing request is denied by the agency, the agency shall enter an order setting forth reasons for the denial.

"(6) Except as otherwise provided by law, if a final order by default has been entered, that order remains in effect during consideration

In her first assignment, petitioner contends that the TSPC erred when it failed to reconsider its default order finding petitioner in violation of its disciplinary rules, asserting that substantial evidence does not support the order. In her second assignment of error, petitioner asserts that the TSPC erred in imposing a penalty of a full year suspension. As previously explained, we reject those assignments due to petitioner's failure to exhaust her administrative remedies.

In her third and fourth assignments, petitioner asserts that the TSPC erred in denying her late request for hearing. For the reasons explained herein, we conclude that the TSPC's order is not sufficient for us to determine whether the TSPC erred in denying petitioner's late request for a hearing.

OAR 137-003-0528(1)(a)(A) provided that the TSPC "may" accept a late request for hearing upon determining that the "failure to timely request a hearing was beyond the reasonable control of the party." In support of her late request for hearing, petitioner offered submissions asserting that she is a dedicated teacher with a heretofore unblemished record. Petitioner further explained that stress and inadequate medication for depression caused her to misunderstand the significance of the September 20, 2011, letter, believing that it related only to her lack of an administrator license. She assumed responsibility for the nonlicensure, and believed that some discipline might be in order for that violation, but she did not believe that the disciplinary proceeding would affect her teaching license, because the letter stated, "Your current Standard Teaching License * * * issued on January 16, 2008, is valid until January 13, 2013."

Petitioner further explained that she takes medication for depression and that, while unemployed during the summer of 2011, she could not afford to pay for the continuation of her health insurance. Although she obtained a teaching position in August 2011, petitioner explained that her

of a late hearing request unless the final order is stayed under OAR 137-003-0690."

The parties agree that the version of OAR 137-003-0528 with amendments certified effective January 1, 2006, applies to this case, and we refer to that version throughout this opinion.

health insurance did not resume until October 2011. Until her health insurance resumed, she did not have the money to see her physician and she reduced the dosage of her depression medication so that it would last longer. Petitioner's doctor stated in a report that the reduced dosage of medication was not sufficient to treat petitioner's depression symptoms and offered the opinion that petitioner's health prevented her from taking the steps necessary to protect her employment by requesting a hearing. Petitioner similarly asserted that she neglected to file the request for hearing because of the stress and demands of her new job as a special education teacher. Petitioner offered all of those reasons in explanation of her failure to timely request a hearing.

In its November 5, 2012, order on reconsideration,[3] the TSPC denied petitioner's request for reconsideration of the default order, as well as her request for a late hearing. With respect to its rejection of the late hearing request, the TSPC explained:

> "[T]he Commission was not persuaded by your submissions in support of your late hearing request that '[t]he cause for failure to timely request the hearing was beyond [your] reasonable control.' OAR 137-003-0528(1)(a)(A) (eff. January 1, 2006)."

The TSPC's ultimate determination whether to grant a request for late hearing is a discretionary one that we review for an abuse of discretion. *See El Rio Nilo, LLC v. OLCC*, 240 Or App 362, 369-70, 246 P3d 508 (2011) (applying abuse-of-discretion standard of review to agency application of identical rule). Petitioner does not contend that the TSPC abused its discretion. Rather, she contends that the TSPC's order is not supported by substantial evidence and, further, that, because the TSPC disputed petitioner's explanation of why the request for hearing was late, the TSPC's own rules required it to hold a hearing. OAR 137-003-0528(3) provided that, "if the agency *** disputes the facts contained in the explanation of why the request for hearing is late, the

---

[3] The TSPC issued its first order denying reconsideration and the late hearing request on February 9, 2012, but withdrew that order on November 2, 2012, after the filing of the petition for judicial review, "to clarify its reasons for denying the late hearing request."

agency will provide a right to a hearing on the reasons why the hearing request was late."

The TSPC responds that it was not required to hold a hearing under OAR 137-003-0528(3), because it did not dispute the facts underlying petitioner's explanation of why the request for hearing was late—it only concluded that the offered explanation was legally insufficient to show circumstances beyond petitioner's control. The TSPC also offers an argument for why the facts in the record support the TSPC's conclusion that petitioner's failure to request a hearing was not beyond her control, including an argument that petitioner's various explanations were inconsistent.

The TSPC's order is not sufficient for us to determine whether the agency erred in failing to hold a hearing to consider petitioner's late request for hearing. It may well be, as the TSPC argues on review, that the TSPC did not dispute petitioner's factual explanation for why she did not timely request a hearing but only concluded that those reasons were legally insufficient. It may well be that that was the agency's reasoning in concluding that it "was not persuaded by [petitioner's] submissions in support of [the] late hearing request that '[t]he cause for failure to timely request the hearing was beyond [your] reasonable control.'" But the TSPC's order says that it was not *persuaded* by petitioner's submissions. The concept of "persuasion" generally relates to factual issues: The burden of persuasion is the burden of convincing the trier of fact that an alleged fact is true. *See State v. James*, 339 Or 476, 487, 123 P3d 251 (2005) ("The burden of persuasion is, in essence, a method of breaking ties regarding disputed factual questions."); *Marvin Wood Products v. Callow*, 171 Or App 175, 179, 14 P3d 686 (2000) ("[T]he burden of proof encompasses two distinct burdens: the burden of producing evidence of a particular fact (*i.e.*, the burden of production), and the burden of convincing the trier of fact that the alleged fact is true (*i.e.*, the burden of persuasion)."). It is not possible to determine from the TSPC's order whether the agency was not persuaded because it disbelieved the facts underlying petitioner's submissions or because it concluded that those facts, although undisputed, were legally insufficient.

It is the TSPC's responsibility to explain the reasoning for its order. *See Drew v. PSRB*, 322 Or 491, 499-500, 909 2d 1211 (1996) (agencies are required to demonstrate in their opinions the reasoning that leads the agency from the facts that it found to the conclusion that it draws from those facts). If the agency disputes the facts underlying petitioner's explanation of why the request for hearing was late, then it should hold a hearing to consider petitioner's late request for hearing, as required by OAR 137-003-0528(3). If the TSPC does not dispute petitioner's asserted explanation but concludes that the explanation is legally insufficient, then it should explain why that is so. We therefore remand the case to the TSPC for it to reconsider its order on reconsideration denying petitioner's request for a late hearing.[4]

Order on reconsideration dated November 5, 2012, vacated and remanded for reconsideration of late request for hearing; otherwise affirmed.

---

[4] It is our understanding that if the TSPC ultimately allows petitioner's late request for hearing, the default order will be set aside.