68 April 23, 2025 No. 359

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Martin L. HUDLER,
*Petitioner,*

*v.*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Respondent.*

Department of Consumer and Business Services
S230013;
A181878

Argued and submitted March 21, 2025.

Blaine Clooten argued the cause for petitioner. On the briefs were Charles R. Markley and Brownstein Rask LLP.

Carson Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

JACQUOT, J.

Vacated and remanded for reconsideration of late request for a hearing.

**JACQUOT, J.**

Petitioner seeks judicial review of a final order of the Department of Consumer and Business Services (DCBS), entered after petitioner defaulted. The order, among other things, denied his late request for a hearing. Petitioner raises two assignments of error: that the director erred (1) by denying petitioner's request for a hearing as late despite the request being timely, and alternatively, (2) by denying petitioner's late request for a hearing despite petitioner showing good cause for submitting the request late.

For the reasons that follow, we reject petitioner's first assignment of error. As to the second, we vacate and remand for reconsideration, because the order on review does not explain the factual findings on which the director relied to deny the late request for a hearing or how those factual findings lead to the legal determination on which that denial was based.

*Petitioner's First Assignment of Error.* Petitioner asserts that his request for a hearing was timely because he was served by mail and, therefore, under ORCP 7 D(2)(d)(ii), he had an extra three days to respond to the notice that DCBS mailed to him. *Id.* (providing that "[f]or the purpose of computing any period of time provided by these rules or by statute, service by mail, except as otherwise provided, shall be complete on the day the defendant, or other person authorized by appointment or law, signs a receipt for the mailing, or three days after the mailing if mailed to an address within the state").

More specifically, petitioner acknowledges that the notice that DCBS sent to him stated the deadline to request a hearing was April 12, 2023 (20 days after the notice was mailed), but he contends that by operation of ORCP 7 D(2)(d)(ii), the actual deadline to request a hearing was April 15, 2023 (23 days after the notice was mailed). If petitioner is correct that ORCP 7 D(2)(d)(ii) provided him with an additional three days to respond to the notice, then his request for a hearing, which was made on April 13, 2023, was timely.

Petitioner's argument is not preserved. Petitioner did not contend before DCBS that DCBS's calculation of

when his response was due was incorrect, nor argue that the calculated deadline was incorrect because the Oregon Rules of Civil Procedure applied to proceedings before DCBS. Petitioner had the opportunity to do so when he filed a response to the agency's notice—the response in which he requested a hearing. *Watts v. Board of Nursing*, 282 Or App 705, 709, 386 P3d 34 (2016) ("In general, to preserve a contention for appeal or judicial review, a party must provide the lower court or agency with an explanation of [the party's] objection that is specific enough to ensure that the court or agency is able to consider the point and avoid committing error." (Internal quotation marks omitted.)). Nor in our view—and contrary to petitioner's contention on appeal—were the policies that underly the preservation doctrine otherwise served in this case, because the director did not have the opportunity to engage with petitioner's ORCP 7 D(2)(d)(ii) argument on its merits so as to avoid any purported error at the outset. *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024) ("Preservation serves a number of policy purposes, but chief among them is fairness and efficiency—affording both opposing parties and trial courts a meaningful opportunity to engage an argument on its merits and avoid error at the outset.").

Additionally, although petitioner does not request plain error review, *cf. State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (noting that we "ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so"), we note that the purported error, *i.e.*, failure to apply ORCP 7 D(2)(d)(ii) in a proceeding before DCBS, is not plain. *See* ORCP 1 A (explaining that the Oregon Rules of Civil Procedure "govern procedure and practice in all circuit courts of this state" and "also govern practice and procedure in all civil actions and special proceedings *** for the small claims department of circuit courts and for all other courts of this state to the extent they are made applicable to those courts by rule or statute"); *see also Johnson v. Landwatch Lane County*, 327 Or App 485, 497-98, 536 P3d 12 (2023) (Oregon Rules of Civil Procedure are not applicable to proceedings before the Land Use Board of Appeals).

*Petitioner's Second Assignment of Error.* Petitioner asserts that the director erred "by denying Petitioner's request for a hearing as late despite Petitioner showing good cause for the late request." In advancing that argument, among other points, petitioner notes that his request was "only purportedly late by one day," that he was in a car accident "immediately prior to the DCBS's deadline," and that he "was traveling during the entirety of the period of when the order was served to when the request was purportedly due." In response, DCBS contends that petitioner's counsel was also served, petitioner was in communication with his counsel, and petitioner "does not explain why he had good cause to miss the deadline in light of those facts."

DCBS has a "responsibility to explain the reasoning for its order." *Gordon v. Teacher Standards and Practices Comm.*, 265 Or App 722, 729, 337 P3d 133 (2014) (so noting with regard to the Teacher Standards and Practices Commission). Here, regarding petitioner's late request for a hearing, DCBS's final order explains:

"The Notice [sent to petitioner] offered [petitioner] an opportunity for a hearing if requested within 20 days of service of the Notice. ***.

"[Petitioner]'s deadline to timely request a hearing was April 12, 2023. On April 13, 2023, at 5:59 PM, [petitioner] submitted a late hearing request via e-mail. [Petitioner] was given the opportunity to offer explanation or argument as to why the Director should accept his late hearing request. [Petitioner] submitted written explanations and the Director did not find good cause for [petitioner]'s failure to timely request a hearing."

That explanation of why petitioner's late request for a hearing was denied does not explain the factual findings on which the director relied to deny the request or how those factual findings lead to the legal determination on which that denial was based. Where, as here, an agency order does not provide us a way "'to determine *** whether the agency was not persuaded by the petitioner's explanation for the late hearing request because it disbelieved the facts underlying petitioner's submissions or because it concluded that those facts, although undisputed, were legally insufficient,'"

the correct disposition is for us to vacate and remand for reconsideration. *Hendrickson Trucking, Inc. v. ODOT*, 270 Or App 633, 644, 349 P3d 585 (2015) (quoting *Gordon*, 265 Or App at 728; omissions in *Hendrickson*; brackets omitted); *see also id.* at 644 (vacating and remanding for reconsideration because order did not include a "rationale for determining that petitioner did not have good cause for missing the 30-day deadline," and was, therefore, not "supported by substantial reason"); *Gordon*, 265 Or App at 723, 726 (vacating and remanding for reconsideration because order was "inadequate for judicial review as to the rejection of petitioner's late request for hearing," where it was "not sufficient for us to determine whether the [agency] erred in denying petitioner's late request for a hearing").

Vacated and remanded for reconsideration of late request for a hearing.