Argued and submitted September 9, affirmed October 5, 1982

# MULLENAUX et al,
*Appellants,*

*v.*

# STATE DEPARTMENT OF REVENUE,
*Respondent.*

(TC 1591, SC 28349)

651 P2d 724

Carlisle B. Roberts, Judge.

Barbara J. Rose, Portland, argued the cause and filed the briefs for appellants.

Ted E. Barbera, Assistant Attorney General, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

LENT, C. J.

## LENT, C. J.

Plaintiff-taxpayers' complaint challenging an assessment was dismissed by the Oregon Tax Court for failure to exhaust administrative remedies. Plaintiffs appeal from this judgment of dismissal.

We try the cause "anew upon the record." ORS 305.445 and 19.125. From the record we find that defendant Department of Revenue (department) reviewed plaintiffs' Oregon personal income tax returns and their fiduciary returns on behalf of the "Ben Mullenaux Equity Trust" for the tax years 1975 through 1977 and concluded that income which was legally the income of the plaintiffs had been improperly attributed to the trust. It readjusted the returns, assessed the taxes and interest owing, and sent plaintiffs a tax deficiency notice. ORS 305.265. Plaintiffs requested a hearing to challenge the assessment. The department mailed a notice of hearing to plaintiffs' address; the letter, in addition to setting forth the time and location of the hearing, stated:

"The hearing will be postponed only if you show good cause. You must explain in writing why the hearing should be postponed. * * *

"Failure to appear at the hearing could result in a decision adverse to your position, or in dismissal of this appeal."

Plaintiffs did not appear at the hearing; they had neither requested a postponement nor notified the hearings officer that they would be unable to attend. Upon motion of the department, the hearings officer dismissed the appeal.

Without seeking any further relief in the department, plaintiffs then procured counsel and filed a complaint challenging the assessment in the Oregon Tax Court. In its answer, the department asserted as an affirmative defense that plaintiffs had failed to exhaust their administrative remedies. At a hearing on the issue before the tax court, Mr. Mullenaux admitted having been informed of the hearing date but testified, as his only excuse for failure to appear, that the hearing had "slipped my mind." Plaintiffs argued that this was sufficient "inadvertence" to justify relief from the dismissal and that the court should either decide the case on the merits or remand to the department

for another hearing. The tax court found the plaintiffs' excuse "quite unsatisfactory and unbelievable" and held that it was without jurisdiction to hear the case on the merits because of their failure to exhaust the available remedies. It thereupon dismissed plaintiffs' complaint with prejudice.

■ ■ Where a taxpayer challenges an assessment and a hearing before the department is granted, the burden of going forward with the evidence and the burden of persuasion are upon the taxpayer. OAR 105-305.115-(B)(3). Accordingly, plaintiffs' failure to either appear at their requested hearing or submit any evidence on their own behalf justified the department's dismissal of their appeal.

■ Although the Oregon Tax Court is a court of general, rather than limited, jurisdiction (ORS 305.405), it only has authority to adjudicate those cases and issues properly before it. Under ORS 305.275(4):

> "[N]o person shall appeal to the Oregon Tax Court * * * on any matter arising under the revenue and tax laws administered by the [Department of Revenue] unless he first exhausts the administrative remedies provided him before the department and the director."

This statute makes explicit the general rule of administrative law that as to matters within the jurisdiction of an administrative agency "[j]udicial review is only available after the procedure for relief within the administrative body itself has been followed without success." *Miller v. Schrunk*, 232 Or 383, 388, 375 P2d 823 (1962); *Johnson v. State Tax Comm.*, 218 Or 110, 342 P2d 799 (1959).

Plaintiffs contend that they have sufficiently exhausted the remedies available within the department. Proper analysis of this argument necessitates splitting this case into its two parts, *i.e.,* the procedural issue of whether the default dismissal was proper and the substantive issue of whether the assessment was correct.

With regard to the former issue, the dismissal of plaintiffs' appeal was a final order of the department, and there does not appear to be any established procedure within the department for setting aside dismissals and reinstating appeals. We assume, without deciding, that the

dismissal was subject to immediate appeal to the tax court under ORS 305.560(1).

■ The question before the tax court on this issue, however, was very limited: Did the department act properly in dismissing plaintiffs' appeal for failure to appear at the hearing? Under ORS 305.435, the tax court has broad powers in reviewing department orders:

> "* * * The court may affirm, reverse, modify, or remand any order of the department, and shall grant such other relief, invoke such other remedies and issue such orders in accordance with its decision as shall be appropriate in a court of general jurisdiction. * * *"

Plaintiffs' argument that this statute empowers the court to reverse and remand orders of dismissal where the taxpayer is able to establish good cause for failure to appear is not without force.[1] The tax court, however, found plaintiffs' excuse "quite unsatisfactory and unbelievable," and we concur. Simply forgetting a hearing date is not a sufficient excuse to justify relief from the consequent dismissal of the action regardless of whether the party is proceeding *pro se* or through counsel. Thus, the tax court did not err in refusing to remand the case for a new hearing.

■ ■ The second issue is whether the tax court erred in refusing to reach the merits of plaintiffs' appeal. To be entitled to judicial review of an aspect of an agency action, ORS 305.275(4) requires that the party must have exhausted his administrative remedies. Without deciding whether the statute requires something more than the general rule of exhaustion of administrative remedies, we hold that the statute requires at least as much as the rule. This requires that a party must have properly raised the issue before the agency. *Marbet v. Portland General Electric Co.*, 277 Or 447, 456, 561 P2d 154 (1977); *Neeley v. State Compensation Dept.*, 246 Or 522, 426 P2d 460 (1967). Plaintiffs here had expressed their displeasure with the assessment by requesting a hearing, but their failure to

---

[1] Plaintiffs also cite former ORS 18.160 (now ORCP 71 B.(1)(a)), which empowers a court to grant relief from a judgment obtained as a result of "mistake, inadvertence, surprise, or excusable neglect." This statute is inapposite here inasmuch as it relates to a court granting relief from its own judgment and does not address the issue of when and how a court can grant relief from an agency order issued because of a party's default.

appear at the hearing or to offer any evidence or argument at all on their own behalf before the department precludes them from arguing the merits on review, *i.e.*, their failure to preserve the allegation of error by timely and adequately addressing the merits before the agency forfeited their right of judicial review on the merits.

■ ■ In this sense, as we noted in *Marbet:*

> "The requirement that a party must have objected before the agency to errors he asserts on judicial review is one facet of the general doctrine that a party must exhaust his administrative remedies."

277 Or at 456. *See* 3 K.C. Davis, Administrative Law Treatise § 20.06 (1958). A party does not exhaust his administrative remedies simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute. Exhaustion of administrative remedies is not accomplished through the expedience of default.[2]

■ ■ Plaintiffs are correct in noting the exhaustion doctrine is generally one of timing and deference and that the usual consequence for failing to exhaust the administrative process is that the reviewing court will remand the case to the agency for further proceedings there. Where, however, the party seeking judicial review has foreclosed through his own inaction completion of the administrative process, remand is inappropriate. An appeal that has died within the agency cannot be resurrected by appealing outside of it. In such a case, the doctrine serves as a bar to further relief.

In summary, the tax court acted properly in accepting plaintiffs' appeal for the purpose of determining whether it should grant relief from the default dismissal and whether it had jurisdiction to rule on the merits. Further, we hold that the court was correct in ruling

---

[2] Several courts in other jurisdictions have held that the invocation of an administrative appeal, either improperly or followed by a failure of that party to appear at the hearing set without sufficient excuse, amounts to a failure to exhaust administrative remedies and is fatal to that party's judicial appeal. *See, e.g., Stephens v. Postmaster General,* 623 F2d 594 (9th Cir 1980); *Olinger v. Partridge,* 196 F2d 986 (9th Cir 1952); *Curtis v. Schaffer,* 137 F Supp 683 (D NY 1955); *Malcom Price, Inc. v. District Unemployment Comp. Brd.,* 350 A2d 730, 733-734 (DC Ct App 1976); *City of Los Angeles v. California Towel & Linen Supply Co.,* 217 Cal App 2d 410, 31 Cal Rptr 832, 838-839 (1963).

against plaintiffs on both issues and in dismissing their complaint.

The judgment of the tax court is affirmed.