Argued and submitted August 3, affirmed September 7, 1983

# DENNEHY,
*Appellant.*

*v.*

# DEPARTMENT OF REVENUE et al,
*Respondents.*

## (OTC 1816, SC 29309)

668 P2d 1210

Emil R. Berg, Portland, argued the cause and submitted the briefs for appellant With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts and with him on the reply brief was Griffith, Bittner, Abbott & Roberts, Portland.

Ira W. Jones, Assistant Attorney General, Salem, argued the cause for respondent, The Department of Revenue.

John B. Leahy, Portland, argued the cause for respondents counties. With him on the brief were Daryl S. Garretson, Portland; John M. Junkin, Hillsboro; Michael E. Judd, Oregon City; and Paul Snider, Salem.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff appeals from an order of the Oregon Tax Court dismissing with prejudice his complaint on the ground that the court lacked jurisdiction because the plaintiff failed to exhaust his administrative remedies. Plaintiff contends that he did exhaust his administrative remedies and, alternatively, that he should be exempted from exhaustion in this cause. Plaintiff also alleges that the tax court erred in rejecting his complaint as a class action. We affirm the dismissal.

This court has jurisdiction over the exhaustion issue pursuant to ORS 305.445, which vests jurisdiction "in the Supreme Court to hear and determine all appeals from final decisions and final orders of the tax court * * *." The order by the tax court dismissing complaint is such a final order.

Plaintiff's claim on the merits is that in applying ORS 310.090 and 457.440(1), county assessors under the supervision of the department of revenue (the department) have assessed and collected property taxes in excess of the six percent limitation imposed in Article XI, Section 11 of the Oregon Constitution. The tax court did not, and we shall not, reach the merits.

Before instituting suit in the Oregon Tax Court, a person is required to exhaust administrative remedies before the department. ORS 305.275(4).[1] Thus it is a legislatively imposed statutory exhaustion requirement which we interpret in this case.

Plaintiff has identified three activities that he alleges are sufficient to warrant a finding that he has exhausted his administrative remedies.

■ First, plaintiff filed a tax refund request with Multnomah County pursuant to ORS 311.806.[2] This section

---

[1] ORS 305.275(4) provides:

"(4) Except as provided in ORS 118.350, 118.370 and 305.410, [irrelevant here] no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless he first exhausts the administrative remedies provided him before the department and the director."

[2] In relevant part, ORS 311.806 provides:

"(1) The county governing body shall refund to a taxpayer, out of the general fund or the unsegregated tax collections account provided in ORS 311.385, taxes collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body plus interest thereon as provided in ORS 311.812, in the following cases:

mandates the refund of taxes only when the county is so ordered by the department, the Oregon Tax Court or this court, and in three other situations not applicable here. Without such an order, plaintiff's request for refund fell outside the purview of this section, and is of no consequence in determining whether he has exhausted administrative remedies available to him.[3]

 Second, plaintiff's attorney met twice with the Oregon Attorney General and counsel for the department to discuss his claims. This is patently insufficient to exhaust administrative remedies. This court has stated that a "party does not exhaust his administrative remedies simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute." *Mullenaux v. Department of Revenue*, 293 Or 536, 541, 651 P2d 724 (1982). *Mullenaux* affirmed a dismissal of a suit instituted in tax court after the plaintiff had requested and then failed to appear at a hearing before the department.

Third, plaintiff sought from the department a declaratory ruling on his claims pursuant to ORS 305.105.[4] This

---

"(a) Whenever ordered by the Department of Revenue and no appeal is taken or can be taken from the department's order, or whenever ordered by the Oregon Tax Court or the Supreme Court and the order constitutes a final determination of the matter * * *."

[3] Whether plaintiff could have received a refund from the county pursuant to ORS 311.806(1)(c) on grounds that he overpaid taxes due to "excusable neglect" is a separate question. We doubt that a county governing body would decide the issues involved in this action and it is therefore unlikely they would authorize a refund. If the request were denied, plaintiff's remedy would be to appeal to the department of revenue; a remedy available to him without making such request to the county. The 311.806 remedy may be available to plaintiff here, but it is not well suited to obtain the result he desires. The county will not refund the collected tax until it decides it should or until the Department of Revenue, the Tax Court, or the Supreme Court orders the county to refund it. *Sisters of Charity v. Washington Cty. Comm'rs*, 3 OTR 106, 109 (1967).

[4] ORS 305.105 provides:

"The Department of Revenue may, on petition by any interested person, issue a declaratory ruling with respect to the validity or applicability to any person, property or state of facts of any rule or regulation promulgated by it. The department shall prescribe by rule the form, content and procedure for submission, consideration and disposition of such petitions. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the department and all parties to the proceedings on the state of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the Oregon Tax Court and Supreme Court in the manner provided by ORS 305.445."

petition was denied on the ground, *inter alia,* that the department lacked jurisdiction because it had not issued rules or regulations pursuant to either challenged statute. ORS 305.105 authorizes petitions for declaratory rulings "with respect to the validity or applicability * * * of any rule or regulation * * *" promulgated by the department. The order denying the petition was not appealed to the Tax Court. We therefore do not decide whether it would have provided a basis for an appeal.

■     The adequate remedy available to, but not exhausted by, plaintiff is found in ORS 305.275(1).[5] Persons aggrieved by actions of the department and/or county assessors are therein provided with a right of appeal to the director of the department. After a hearing, pursuant to ORS 305.115(1), the director or his deputy would issue an order. ORS 305.115(4). This order would be appealable to the Tax Court, ORS 305.560(1), and that decision appealable to this court. ORS 305.445. Failure to follow this available appeal procedure precluded plaintiff from obtaining a department order which could form the basis of an appeal to the Tax Court. Plaintiff, having available an appropriate recourse which would provide a department order, may not invoke the jurisdiction of the Tax Court without first obtaining such an order.

Plaintiff also argues that even if he has not exhausted his administrative remedies, he should not be required to in this case. He contends that the doctrine of exhaustion should not apply because the issues involved are legal as opposed to factual, and that courts are more proficient in deciding such issues than are administrative agencies.[6]

---

[5] ORS 305.275(1) provides:

"(1)  Any person aggrieved by an act or omission of:

"(a)  The Department of Revenue in its administration of the revenue and tax laws of this state; or

"(b)  A county board of equalization other than an order of the board; or

"(c)  A county assessor, including but not limited to the denial of a claim for exemption, the denial of special assessment under ORS 308.370 or other special assessment statute, or the denial of a claim for cancellation of assessment; or

"(d)  A tax collector,

which affects his property and for which there is no other statutory right of appeal, may appeal to the Director of the Department of Revenue in the manner provided by this section."

[6] Plaintiff cites *Marbet v. Portland General Electric,* 277 Or 447, 561 P2d 154 (1977) in support of this proposition. *Marbet,* however, is applicable to only one facet

■■ The mere characterization of the merits of this case as law is not a sufficient basis on which to claim an exemption from the exhaustion requirement. Statutorily required administrative review may not be ignored simply because the issue is a question of law. *Miller v. Schrunk,* 232 Or 383, 388, 375 P2d 823 (1962).

The fact that plaintiff was before the Tax Court completely devoid of any administrative record to review is important to our decision. Although the Tax Court hears appeals from the department *de novo,* it is clear from the statutory scheme establishing the Tax Court that it is to decide whether to set aside administrative orders or determinations and not to proceed without any such order or determination in actions such as the instant case. *See* ORS 305.425(2); ORS 305.845.

Other jurisdictions have reached the same conclusion we reach when confronted with challenges to the constitutionality of tax assessments. The United States Supreme Court has pronounced that "[a] taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity." *Gorham Mfg. Co. v. Tax Commission,* 266 US 265, 269-70, 45 S Ct 80, 69 LEd 279 (1924) (constitutional attack against New York State tax on foreign corporations).[7]

■ We conclude that plaintiff was statutorily required to exhaust adminstrative remedies, that he failed to do so, and that therefore the Tax Court lacked jurisdiction to entertain his complaint.

Because our of determination on the exhaustion issue, we do not decide whether the Tax Court may summarily reject certification of class actions in suits such as plaintiff's.

Affirmed.

---

of the exhaustion doctrine; whether a person who was a party must have objected to errors before the agency in order to preserve those errors for judicial review.

[7] *Accord: Williams v. Bankers Nat'l Ins. Co., 80 Ariz 294, 297 P2d 344 (1956); United States v. Superior Court, 19 Cal 2d 189, 120 P2d 26 (1941); Franden v. Jonasson, 95 Idaho 792, 520 P2d 247 (1973); Associated Petroleum Transport v. Shepard, 53 NM 52, 201 P2d 772 (1949).*