MIGNOT et al,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(TC 2062; SC S31556)

710 P2d 144

Jon H. Paauwe, Medford, by Order of Substitution, November 5, 1985, argued the cause for appellants. On the brief was David L. Moore, Medford.

David L. Canary, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

CARSON, J.

## CARSON, J.

Plaintiffs-taxpayers appeal from a judgment of the Oregon Tax Court affirming an opinion and order of the Department of Revenue (Department) relating to assessment and collection of taxes, penalties and interest for the tax year 1968. Taxpayers argue that the claim for 1968 is void because of the Department's failure to issue a notice of assessment as required by ORS 314.410(4). We do not reach that question, because taxpayers failed to exhaust their administrative remedies and the Tax Court had no jurisdiction to hear the case.

Taxpayers, husband and wife, filed joint personal income tax returns for the years 1968, 1969 and 1970. Taxpayers were audited by the Internal Revenue Service (IRS) on their federal returns and in 1976 pleaded guilty to charges of filing false returns for 1969 and 1970. In January 1979, taxpayers entered into an agreement with the IRS regarding tax and penalties due for tax years 1968, 1969 and 1970.

The Department received an auditor's report from the IRS sometime during 1979, indicating the changes that had been made on taxpayers' federal returns. The Department contacted taxpayers on September 19, 1979, regarding settlement of their Oregon returns for the years in question. Taxpayers did not want to settle at that time, because they were contemplating an appeal of the federal charges. Discussions between the Department's field auditor, taxpayers and taxpayers' accountant continued over the next several months. Because no resolution was being reached, on December 5, 1980, the Department issued notices of deficiencies for years 1968, 1969 and 1970. On the same day the Department issued and delivered to taxpayers a summary of tax due showing the taxes owing and refunds due taxpayers for years 1972, 1973 and 1976. The summary informed taxpayers that the refunds for 1972, 1973 and 1976 were applied to the deficiencies for 1968 and 1969. On April 12, 1981, the Department sent notices of assessment for 1969 and 1970.

No further action was taken until February 16, 1982, when taxpayers filed a petition for review with the Department. This petition raised only the issue whether the notices of deficiencies were timely issued, an issue not raised before us. The Director of the Department upheld the deficiency notices and subsequent collection of taxes. Taxpayers filed a

complaint with the Tax Court. On the day of trial before the Tax Court, taxpayers filed an amended complaint and for the first time raised as an issue the Department's failure to issue notices of assessment for 1968 and for the fraud penalty for 1969. The Tax Court affirmed the Department's order.

ORS 305.275(4) states that: "[N]o person shall appeal to the Oregon Tax Court on any matter arising under the revenue and tax laws administered by the department unless he first exhausts the administrative remedies provided him before the department and the director." ORS 305.425(3)[1] further states that the issues on judicial review shall be limited to those raised before the Department.

Taxpayers did not raise the notice of assessment issue before the Department. As we have said before, "A party does not exhaust his administrative remedies simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute." *Mullenaux v. Dept. of Revenue,* 293 Or 536, 541, 651 P2d 724 (1982). Taxpayers did not afford the Department an opportunity to rule on the notice of assessment issue and therefore failed to exhaust their administrative remedies.

For this reason, the judgment of the Tax Court is affirmed.

---

[1] ORS 305.425 provides:

"(3) In the case of proceedings to set aside an order or determination of the department, * * * the issues of fact and law shall be restricted to those raised by the parties in the appeal to the department. * * *"