Peter C. DONAGHUE

*v.*

DEPARTMENT OF REVENUE

(TC 3620)

Peter C. Donaghue appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision remanding matter to defendant rendered November 7, 1994.

**CARL N. BYERS, Judge.**

Plaintiff appeals from an assessment of personal income taxes for the year 1991. The issue is whether plaintiff exhausted his administrative remedies.

Plaintiff came to the United States in 1960. He lived and worked in California as an airline pilot. He has always had professionals prepare his individual income tax returns.

Although he moved to Oregon and became a resident in 1987, he continues to use the California tax preparation service.

Plaintiff testified that he did not file his 1991 Oregon income tax return timely because the Internal Revenue Service had audited his 1987 return, and his tax preparer expected the audit to affect his 1991 Oregon return. His tax preparer advised him that as soon as the IRS audit was complete he would prepare and file the 1991 return. The tax preparer expected the IRS audit results within a short time. Although plaintiff keeps his income tax records, such as income and expense records for rental properties, he leaves the preparation and filing of the returns entirely to his tax preparer.

The following is a chronological summary of the relevant facts:

| December 14, 1992 | Defendant sent plaintiff a letter requesting him to file his 1991 income tax return. |
|---|---|
| January 19, 1993 | Defendant sent a notice and demand to file the 1991 return. |
| January 27, 1993 | Plaintiff and his tax preparer telephoned defendant and promised the return would be filed within a week. |
| April 22, 1993 | Defendant issued its notice of determination and assessment, assessing a tax of $365, based upon defendant's best information and belief. |
| July 6, 1993 | Plaintiff filed a petition of appeal to defendant. |
| November 16, 1993 | Defendant sent plaintiff a notice indicating he must file his 1991 return within 45 days or the appeal would be dismissed. Plaintiff did not file the return within 45 days. |
| March 23, 1994 | The appeal was dismissed. |
| March 30, 1994 | Plaintiff contacted defendant's agent and promised the return would be filed within 21 days. |
| October 14, 1994 | The return was filed five days before trial. |

Defendant contends plaintiff failed to exhaust his administrative remedies and, therefore, is barred from having this court consider the merits of his claim. Defendant reasons that plaintiff's failure to file the return when required constituted a failure to exhaust his administrative remedies.

It is helpful to review the applicable administrative procedures. When a taxpayer fails to file a return, defendant's practice is to first request a return and, if no return is received, to send a notice and written demand to file. If a return is not filed within 30 days after the demand, defendant may then determine a tax "according to the best of its information and belief." ORS 314.400(2)(b).

In addition to the tax, defendant is to assess a penalty. A late return incurs a penalty of five percent (ORS 314.400(1)), and if it is more than three months late, the penalty is 25 percent (ORS 314.400(2)(a)). If defendant has to assess the tax on the basis of its information and belief, the penalty is increased to 50 percent. ORS 314.400(2)(b). If the department determines that the taxpayer failed to file with the intent to evade tax, the penalty is 100 percent. ORS 314.400(3).

When defendant issues its notice of determination and assessment, the taxpayer has 90 days to file an appeal. ORS 305.280(2). If the matter comes within the jurisdiction of the Small Claims Division of this court, the taxpayer may elect to appeal directly to the Small Claims Division.[1] ORS 305.280(5). The appeal to Small Claims Division is perfected by filing a petition with the court. ORS 305.535. Suits filed in the Small Claims Division are tried in an informal hearing (ORS 305.545) and the decision of the court is final, with no right of appeal. ORS 305.555.

If a taxpayer does not or cannot elect to appeal to the Small Claims Division of the Tax Court, any appeal must be to the Director of the Department of Revenue. This is accomplished by filing a petition of appeal with the director. ORS 305.275(5). The director is to provide a hearing (ORS 305.115(1)) and thereafter issue an order of determination

---

[1] In income tax cases, the amount of tax assessed may not exceed $5,000 in order to be within small claims jurisdiction. ORS 305.515(3)(a).

which will become final unless appealed to this court. ORS 305.115(4). A taxpayer may appeal from this order by filing a complaint in the Tax Court within 60 days from the date of the order. ORS 305.560(1).

ORS 305.275(4) provides in part:

"[N]o person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

■ Because the requirement to exhaust administrative remedies is imposed by statute, such requirement appears to be given more force than might have been under common law. As indicated by the Supreme Court in *Mullenaux v. Dept. of Revenue*, 293 Or 536, 651 P2d 724 (1982), normally the consequence of failing to exhaust one's administrative remedies is to have the matter remanded to the agency.

"Where, however, the party seeking judicial review has foreclosed through his own inaction completion of the administrative process, remand is inappropriate. An appeal that has died within the agency cannot be resurrected by appealing outside of it. In such a case, the doctrine serves as a bar to further relief." *Id.* at 541.

A taxpayer's "inaction" may be failing to file a petition of appeal to the administrative agency, as was the case in *Dennehy v. Dept. of Rev.*, 295 Or 574, 668 P2d 1210 (1983), or it may be failing to make a good faith effort to resolve the matter at the administrative hearing, as was the case in *Mullenaux*. As the court indicated in *Mullenaux*, where exhaustion of administrative remedies is raised as a defense, that issue must be determined before the court may reach the merits of a taxpayer's case. 293 Or at 540. It is not a question of jurisdiction but whether the statutory conditions for appeal to this court have been complied with. *Ebert v. Dept. of Rev.*, 302 Or 360, 364-65, 730 P2d 550 (1986).

■ Under the facts of this case, the court cannot find plaintiff failed to exhaust his administrative remedies. To the contrary, defendant failed to provide the administrative remedy required by ORS 305.115(1). When a taxpayer files a petition of appeal:

"The department *shall* grant a hearing upon the appeal before the director or before a hearings officer appointed by the director to hear the appeal. Testimony *shall* be taken under oath or affirmation administered by the director, deputy director or a hearings officer." ORS 305.115(1). (Emphasis added.)

Defendant did not provide plaintiff with a hearing, nor did it take testimony. Although plaintiff filed a petition of appeal, defendant simply issued another letter demanding that plaintiff file his 1991 income tax return. That demand letter added nothing to the process, benefiting neither defendant nor plaintiff.

■        The purpose of a hearing is to allow communication and factfinding, with questions and answers on both sides. Income tax laws and procedures tend to be technical and are often puzzling to the lay person. The required hearing affords defendant an opportunity to explain its position and obtain information that will assist it in understanding why the taxpayer has not filed a return. Likewise, the taxpayer has an opportunity to explain his or her position and to understand the consequences of failing to comply with the laws.

If a hearing had been held, it is highly likely plaintiff would have told defendant why he had delayed filing his 1991 income tax return. Likewise, as defendant's auditor testified, defendant would have informed plaintiff that the IRS audit of his 1987 return need not delay the filing of the 1991 return.

The improved communication that can occur in a hearing is probably only one of several reasons the legislature requires a hearing at the director's level of administrative review. There may be other reasons, such as taxpayer education, public relations, and higher level reviews. A hearing also provides the agency with another source or means of obtaining information about the administration of the tax laws and their reception by the public.

Whatever the legislative reasons, ORS 305.115 requires that a hearing be afforded. When the department fails to afford the remedy, it shortcuts the process just as much as a taxpayer who fails to exhaust the remedy.

It is appropriate to note that plaintiff did not fulfill his responsibility in a satisfactory manner. He relied upon a

tax preparation professional to such an extent that he was ignorant of his own affairs. He was unable to explain why the IRS audit would impact or delay the filing of his 1991 return. If a taxpayer relies entirely upon a professional tax preparer, the taxpayer must involve that tax preparer in the appeal process; otherwise, a taxpayer's ignorance of the facts may be misconstrued as recalcitrance or lack of cooperation.

Based upon the above findings, this matter must be remanded to defendant to determine plaintiff's liability for his 1991 personal income taxes. Inasmuch as plaintiff has now filed his 1991 individual income tax return, the court anticipates defendant will examine that return and make any adjustments it determines appropriate. Defendant will then issue a new opinion and order. If defendant's determinations in the opinion and order are not acceptable to plaintiff, he may appeal from that order to this court. Costs to neither party.