IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ALASKA AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 200363G (Lead) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| HORIZON AIR INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 200367N |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| DEPARTMENT OF REVENUE, | ) | **MOTION FOR SUMMARY** |
| State of Oregon, | ) | **JUDGMENT and DENYING** |
| | ) | **PLAINTIFFS' CROSS-MOTION FOR** |
| Defendant. | ) | **PARTIAL SUMMARY JUDGMENT** |

This matter came before the court on Defendant's Motion for Summary Judgment

(Motion) and Plaintiffs' Cross-Motion for Partial Summary Judgment (Cross-Motion). An oral

argument was held remotely on June 11, 2021. David Perkins, an Oregon CPA, appeared on

behalf of Plaintiff. Marilyn J. Harbur and Darren Weirnick, Senior Assistant Attorneys General,

appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

Defendant sent Plaintiffs notices of tentative assessment for the 2020-21 tax year on or

before May 25, 2020, as required by ORS 308.582. (*See* Stip Facts at ¶1.) On June 5, 2020,

Jerry Yim, Senior Tax Accountant for Plaintiffs, requested a "director's review conference" on

the reduction in valuation or modification of the apportionment of a tentative assessment set forth in the notice as required under ORS 308.584(1)-(2). (*Id*. at ¶2, 3.) Defendant scheduled a conference with Plaintiffs for July 20, 2020. (*See id*. at 12.)

Before the scheduled conference, Plaintiffs and Defendant "engaged in a dialogue, inclusive of email and phone communication," to exchange information. (Stip Facts at ¶3.) As a result of that dialogue, Defendant proposed a reduction that satisfied Plaintiffs "as to the reduction in valuation or modification of the apportionment" that Plaintiffs sought when they requested a conference. (*Id.*) Plaintiffs requested that the conference be cancelled once the final values were submitted. (*Id*. at ¶4, 12.) Plaintiffs did not request a final opinion and order from Defendant. (*Id*. at ¶7.) Defendant issued final values reflecting the agreed upon reductions and canceled the conference. (Decl of Rodriguez at 2; Am Compl at 5.)

Plaintiffs filed this appeal on November 2, 2020, claiming that Defendant had failed to issue an order as required under ORS 308.584 and raising a new claim that Defendant's practice of assessing intangible personal property of air transportation companies violates the Oregon Constitution and federal law. Defendant filed its Motion requesting that Plaintiffs' Complaints be dismissed because they failed to exhaust administrative remedies as required by ORS 308.584. Plaintiffs filed their Cross-Motion requesting that their appeal be allowed to proceed in this court or, in the alternative, be remanded to Defendant to issue an appealable order.

## II. ISSUES

To resolve the parties' motions, the court decides the following issues:

1. What is a "conference" within the meaning of ORS 308.584?

2. What is required to exhaust the administrative remedy under ORS 308.584(4)?

3. Is the department required to issue an order under ORS 308.584(3) even if the conference is not held?

4. If taxpayer fails to exhaust the administrative remedy under ORS 308.584(4), should the court remand or dismiss the case?

## III. ANALYSIS

The court grants a motion for summary judgment if "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C. "A material fact is 'one that, under applicable law, might affect the outcome of a case.'" *Salisbury v. Dept. of Rev.*, TC 5400, WL 1323313 at *4 (Or Tax, Apr 8, 2021). The parties filed comprehensive stipulated facts and no issue of material fact remains. For the following reasons, the court grants Defendant's Motion and denies Plaintiffs' Cross-Motion.

A.      *Meaning of "Conference" under ORS 308.584*

Defendant argues that Plaintiffs failed to comply with the conference requirement and, therefore, failed to exhaust administrative remedies required by ORS 308.584(4).[1] (Def's Mot at 5.) ORS 308.584(4) provides:

> "A conference with the director is an administrative remedy that must be exhausted before an appeal of the valuation or apportionment of an assessment may be made to the Oregon Tax Court. The valuation or apportionment of an assessment under ORS 308.505 to 308.674 may not be appealed to the tax court if the person or company does not file a timely request for a conference under this section prior to seeking an appeal before the tax court."

Plaintiffs argue that they complied with the statute by timely requesting a conference and participating in discussions with Defendant, what they describe as an "appeal process." (Ptfs' Cross-Mot at 4, 6.) Plaintiffs maintain that the statute does not require taxpayers to participate in a scheduled conference.[2] (*Id.* at 5-6.) In essence, Plaintiffs argue that the statute requires

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2019 edition, unless otherwise noted.

[2] Plaintiffs use the term "actual conference" to refer to conferences with the director, such as the July 20, 2020, conference. The court uses the term "scheduled conference" to refer to these conferences, because "actual

taxpayer to confer with the department.  Defendant disagrees, arguing that ORS 308.584(4) requires that taxpayers not only request but also attend a scheduled conference with the director before they are permitted to appeal.[3]  (Def's Mot at 5.)  The initial question is the meaning of "conference" in ORS 308.584.  The court uses the principles of statutory interpretation to resolve the ambiguity in the language of the statute, including the text, context, and legislative history of the statute.  *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

1.     *Text*

"Conference" is not defined anywhere in ORS 308.584 or related statutes, so the court begins with contemporaneous dictionaries to determine the plain meaning of the term.[4]  *See Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 295-96 n 7, 337 P3d 768 (2014).  *Webster's* defines "conference" as (1) "the act of consulting together usually formally**;** interchange of views**;** discussion, deliberation;" or (2) "a meeting for consultation, discussion, or an interchange of opinions whether of individuals or groups * * *."  *Webster's Third New Int'l Dictionary* 475 (unabridged ed 2002).[5]

Here, Plaintiffs and Defendant consulted together by email and phone: they interchanged views, discussed, and deliberated the issues.  That tends to support Plaintiffs' view.  However, the first definition of "conference" specifies that such discussions are done "usually formally."

_____

conference" implies an answer to the question at issue here.

[3] Plaintiffs note that the director did not personally hold any conferences during the 2020 tentative assessment review period.  (Ptfs' Cross-Mot at 3.)  However, the director has the authority to delegate power to others under ORS 305.057 and evidently did so in 2020.  The court uses "conferences with the director" here to include conferences with the director or her delegate.

[4] The court finds no technical definitions of "conference" to be relevant here.  *See Black's Law Dictionary* 316 (8th ed 2004) (defining conference by reference to a meeting of the two houses of a bicameral legislature or conference with a judge during the pendency of a lawsuit).

[5] ORS 308.584 was enacted in 2007.  *See* Or Laws 2007, ch 616, §3.

The second definition references "a meeting," tending to suggest that a conference is a scheduled event rather than a series of conversations. The timeline given in ORS 308.584 suggests that conferences with the director are scheduled meetings. Conference requests must be made by June 15, after which the director must "hold a conference * * * as soon as is practicable." ORS 308.584(2)-(3). The director is required to send the taxpayer an order modifying or affirming the assessment by August 1 of the tax year. ORS 308.584(3). Irregular email exchanges and telephone conversations with an appraiser do not clearly fit within the timeline described in the statute. The plain meaning of "conference" tends to support Defendant's view of a scheduled discussion with the director.

Plaintiffs' Cross-Motion demonstrates the confusion between Plaintiffs' asserted meaning and the language of the statute. Plaintiffs state that "the entire process * * * constitutes the Director's conference even if an *actual* conference with the Director does not occur." (Ptfs' Cross-Mot at 3 (emphasis added).) Plaintiffs contend that "conference" means "conference process" but acknowledge that Defendant must also schedule conferences. In essence, Plaintiffs argue that "conference" means the process, except when it does not. This interpretation is unsustainable. ORS 308.584(3) requires the director to hold a conference when requested. The informal discussion process that Plaintiffs and Defendant engaged in, and many other taxpayers engage in annually, does not meet this requirement.[6] Plaintiffs suggest multiple meanings of "conference," but they offer no insight into how the court should decide when the statute refers to the conference process or a scheduled conference.[7]

---

[6] This is especially the case when the appraiser working with the taxpayer has not been delegated authority by the director to hold conferences on the director's behalf. In this case, neither party has alleged that the appraiser had been delegated such authority.

[7] Indeed, the emails between Plaintiffs' representative and Defendant's appraiser indicate that Plaintiffs understood "conference" to refer to the scheduled conference. In an email dated July 16, 2020, Plaintiffs asked

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT  TC-MD 200363G; 200367N                                                                                                                    5

Plaintiffs contend that this court's decision in *Charter v. Dept. of Rev.*, TC 5361, WL 1501263 (Or Tax, Mar 30, 2020), should be understood to mean that taxpayers need only participate in the "conference process" to have had a conference within the meaning of ORS 308.584. (Ptfs' Cross-Mot at 4.) For Plaintiffs, the court's use of the phrase "conference process" in *Charter* reflects the court's understanding that discussions between taxpayers and the department satisfy the conference requirement under ORS 308.584(4). (*Id*.) *Charter* refers to the "conference process" and acknowledges the benefits of it for both taxpayers and the department. 2020 WL 1501263 at *8. But that case concerned ORS 308.584 in a different context. *Id*. at *2. The taxpayer in *Charter* had attended the scheduled conference with the director but sought to raise a new claim on appeal to this court that it had not previously raised during conference. *Id.* at *1. Although the court in *Charter* encouraged taxpayers to engage in informal discussions with the department through the "conference process," the court did not decide the question presented here. *Id*. at *8.

The text of ORS 308.584 indicates that "conference" means a scheduled meeting with the director or her delegate, rather than a process or series of discussions. Although this court has expressed support for the "conference process," it has not held that informal discussions with an appraiser are the conference within the meaning of the statute.

2.      *Context*

The court next considers relevant context, including other provisions of the statute and other contemporaneous statutes. *PGE v. Bureau of Labor & Indus.,* 317 Or 606, 611, 859 P2d 1143 (1993); *see also Unger v. Rosenblum*, 362 Or 210, 221, 407 P3d 817 (2017) (courts "consider all relevant statutes together, so that they may be interpreted as a coherent, workable whole.")

Defendant to "cancel our director's conference scheduled for Monday, July 20th * * *." (Stip Facts at 12.)

Relevant context may also include prior versions of the statute at issue and related statutes. *See State v. Perry,* 336 Or 49, 54–55, 77 P3d 313 (2003). As discussed above, the other provisions of ORS 308.584 support Defendant's view that a conference is a discrete scheduled event rather than an informal series of discussions. Subsection (1) permits the taxpayer to request "a conference" and subsection (3) requires Defendant to hold "a conference" as soon as it practicable after receiving the request.

      a.      Other contemporaneous statutes

Other statutes refer to conferences with the department. In the context of industrial plant valuation, ORS 308.411(7) allows the taxpayer to request a conference with the department following physical appraisal of the industrial plant but before May 1 of the assessment year. If the taxpayer requests a conference, the taxing authority "shall give written notice to the owner of the time and place for the conference for an informal discussion of the valuation." *Id.*

In its capacity of exercising "general supervision and control over the system of property taxation throughout the state[,]" the department may "hold a conference to determine whether to order a change or correction" to the assessment or tax roll for the current or prior two tax years. ORS 306.115(1), (4). The department's power is discretionary, and the purpose of the conference is to determine whether any of the statutory conditions for a change or correction are satisfied. *See* ORS 306.115(3).

In the context of income tax, ORS 305.265 and 305.270 allow a taxpayer who has received a notice of deficiency or a notice of proposed adjustment to request a conference with the department. "If a request for a conference is made, the department shall notify the person of a time and place for conference and appoint a conference officer to meet with the person for an informal discussion of the matter." ORS 305.265(6); *see also* ORS 305.270(4)(b).

The court makes several observations about references to conferences with the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT  TC-
MD 200363G; 200367N          7

department in other statutes. First, the legislature often refers to "informal conferences" or "informal discussions" to be held at the conference. The court is not aware of a statutory definition of "informal" or references to "formal" conferences. Even when using the term "informal," the legislature requires the department to give notice of the time and place for the conference, supporting Defendant's view that a conference is a scheduled event. ORS 308.584 does not use the term "informal," suggesting that the conference required is at least as formal as conferences required under other statutes.

Second, the legislature at times specifies who at the department should hold the conference. For instance, ORS 305.265 and 305.270 state that the department shall appoint a conference officer to conduct the conference. By contrast, ORS 308.584 specifies that the director shall hold the conference.[8] Discussions with someone other than the director or her delegate do not qualify as a conference under the statute. This reading of "conference" as a scheduled meeting with the director is supported by ORS 308.595 which requires the department to give a 6-day notice before increasing the value of centrally assessed properties but waives that requirement if the person or company "voluntarily appears before the director" and is told about the increase. Or Laws 2007 ch 616, § 6. This reference to a voluntary appearance "before the director" means the conference under ORS 308.584. *See Level 3 Commc'ns, LLC v. Dept. of Rev.*, TC 5236, 2019 WL 5620088 at *32 (Or Tax, Oct 25, 2019), *aff'd*, 368 Or 303, 490 P3d 149 (2021) (noting that the reference to an appearance "before the director" refers to the conference under ORS 308.584).

Defendant argues that ORS 305.487 provides context supporting its narrow construction

---

[8] As noted above, the director may delegate this authority and did so in 2020.

of the term conference. (Def's Resp at 2.) ORS 305.487 declares the state's policy "to strongly encourage taxpayers, * * * the department and the Oregon Tax Court to resolve appeals related to the value of * * * centrally assessed property as quickly and efficiently as possible, in order to reduce the financial impacts of lengthy appeal processes." ORS 305.487. This policy would be undermined if taxpayers could accept a reduction in assessed value, withdraw from a conference with the director, but nonetheless appeal to this court. (Def's Resp at 2.)

Defendant asserts that its intention in holding discussions with taxpayers ahead of scheduled conferences is to reduce the number of conferences and therefore the number of potential appeals to this court, consistent with ORS 305.487. (Def's Resp at 2.) In many situations, these discussions achieve the state's policy to quickly resolve disputes and are not appealed to this court.[9] Any taxpayers that are concerned about unknown emergent issues must still attend the scheduled conference to ensure that they exhaust the administrative remedy. This situation is inefficient, as it requires both taxpayers and the department to hold an unnecessary conference to preserve taxpayer's right to appeal. Ultimately, ORS 305.487 is not helpful to understanding what "conference" means under ORS 308.584.

        b.      Predecessor statute

Plaintiffs assert that the predecessor statute to ORS 308.584 shows that the legislature intended "conference" to refer to the entire conference process, rather than a scheduled meeting. (Ptfs' Reply at 4.) ORS 308.595(3) (2005) required taxpayers to make a conference request by a certain date and required the director to "hold conferences and issue orders on all conferences

<hr>

[9] According to the legislative history of the 2007 amendments to ORS 308.584, "historically" only about 4 percent of taxpayers that requested conferences with the director appealed to the tax court. (Def's Mot, Ex 1 at 14.) There was also testimony that, of the 25 percent of taxpayers subject to central assessment that requested a conference with the director in the 2005-06 tax year, only four appealed to the tax court. (*Id*. at 6.)

under this subsection." It further required the director to "issue the orders no later than the following August 1." *Id.* Plaintiffs argue that this language, along with department testimony to the legislature,[10] indicates that the entire process did not change with ORS 308.584 because ORS 308.584(3) imposes similar requirements on the director. (Ptfs' Reply at 5.)

The court agrees with Plaintiffs that the prior statute contained a similar schedule and timeline for requesting and holding director conferences as ORS 308.584. The predecessor statute also required *the director* to hold conferences, suggesting that informal discussions with department appraisers did not qualify as a conference under the predecessor statute either. Unlike ORS 308.584, the predecessor statute did not contain an express exhaustion requirement. That change is discussed further below. Ultimately, the language of the predecessor statute does not support Plaintiffs' proposed meaning of conference and tends to support Defendant.

      c.     Context conclusion

Relevant context supports the plain meaning of "conference" as a discrete scheduled meeting with the director or her delegate rather than informal discussions with department appraisers. Even when the legislature described a conference as "informal" in other statutes, it contemplated that it would be held on a set day and time with written notice provided to the participants. The predecessor statute also established a timeline for taxpayers to request conferences and for the director to hold those conferences.

     3.     *Legislative History*

After considering text and context, the court considers any relevant legislative history. *Gaines*, 346 Or at 171-72. Defendant submitted legislative history for HB 2239 (2007), amending ORS 308.584, but did not substantively explain how the legislative history supports its

---

[10] This and other legislative history are addressed in more detail below.

position.  (*See* Def's Mot at 6 (referencing legislative history).)  In contrast, Plaintiffs argue that the legislative history confirms Plaintiffs' view that "conference" refers to the entire process and, moreover, the bill was not designed to change the existing process.  (Ptfs' Reply at 1-3.)

During a public hearing before the House Revenue Committee on HB 2239, John Phillips (Phillips), a representative for the department, testified that "the attempt [of the bill] is not to change the process at all.  The idea in concept is just to simply put it in a chronological order in the statute." (Def's Mot, Ex 1 at 5.[11])  For Plaintiffs, Phillips' testimony reflects the legislature's intent to require participation in the conference process, not only the scheduled conference. (Ptfs' Reply at 4.)  They argue that Phillips repeated references to "the process" reflects the legislature's intent that "conference" includes discussions between a timely-filed request for conference and a scheduled conference.  (*Id.* at 4.)

Phillips' use of the term "process" seems to broadly refer to the entire process from creating the tentative assessment roll through certification of the roll, with numerous intervening steps including the director's conference.  (*See* Def's Mot, Ex 1 at 4-5 (explaining "the process" as beginning with taxpayers' submission of value statements and ending with certification of the

---

[11] Phillips explained the existing process to the committee:

"in the calendar year the taxpayer sends in statements that say this is our value, this is our property, the appraisers then in our department and division then evaluate that and make changes from last year, apply the depreciation schedules and do all of the analysis that they do.  Then a notice is mailed to the taxpayer saying, 'Ok, we're going to start reviewing the roll, here are our values for your property.'  They are given a chance to request a conference with the director and then the director in mid-June begins holding conferences and reviewing the roll.  The director of the Department has to finalize that by August 1 to get it to the counties so that they can calculate the taxes and get the tax statements mailed on time.  During the conference the director can make changes to that tentative or draft roll, a clerical error or mistakes on property reported, changes in value depending upon the discussions or what we find out from the taxpayer * * *.  So, following the certified certification of the roll the director completes her work, certifies the roll to the counties and then the taxpayer can appeal that value that final value to the Tax Court."

(Def's Mot, Ex 1 at 4-5.)

roll and appeal to the Tax Court).)

The court finds other aspects of Phillips testimony more helpful than his use of the phrase

conference process. In explaining the conference and exhaustion requirement, Phillips stated:

> "What we don't want to see and what we haven't seen because this is the way
> we've administered the law is people jumping over that process and saying we're
> not going talk to *the director*, we're going to go to the — on appeal to the Tax
> Court. We don't see that, it hasn't been done to my knowledge and people
> understand that they need to have the conversation, that's why they file the
> protective appeal or where they have the conversation. So this spells it out in
> language that we think is crystal clear."

(Def's Mot, Ex 1 at 14 (emphasis added).) Previously in his testimony, Phillips explained that

> "a lot of companies will just put in a protective request for conference. They may
> never even come to the conference but, you know, it's in their best interest to put
> in a request for a conference and then *if*, you know, *the appraiser and the
> company can work it out, then the conference never occurs*. So we do get a lot of
> requests for conference but we get very few actual appeals resulting."

(*Id.* at 6-7 (emphasis added).)

On the one hand, Phillips description of the conference as "a conversation" lends some

support to Plaintiffs' proposed meaning of conference as an informal discussion. However,

Phillips repeatedly refers to a conference or conversation with *the director*, indicating a

consistent view that the statute contemplates the director will hold the conferences. When

referring to discussions between taxpayer and *the appraiser*, Phillips explained that those are for

settlement purposes. If the settlement discussions are successful "then the conference never

occurs" and no further appeal is taken. Taken together, that testimony indicates that conferences

do not include informal discussions with department appraisers.

4.     *Conclusion on meaning of conference in ORS 308.584*

The text and context point toward a narrow reading of "conference" in ORS 308.584 as

the scheduled conference. They further indicate that the conference is with the director or her

delegate, not department appraisers. The legislative history creates some ambiguity by using informal language such as "conversation."[12] Yet the legislative history consistently refers to the conference or conversation with *the director* and indicates that discussions with department appraisers are not the conference. The court concludes Plaintiffs' scheduled conference with the director on July 20, 2020, which Plaintiffs cancelled, was "the conference" within the meaning of ORS 308.584(4). Plaintiffs' discussions with Defendant's appraisers do not qualify as a conference under the statute.

B.      *Exhaustion Requirement Under ORS 305.584(4)*

Having concluded that "conference" means the scheduled director's conference, the next question is what is required for a taxpayer to exhaust their administrative remedy under ORS 308.584(4). This question arises because of two seemingly inconsistent sentences in the statute. The first sentence states that "[a] conference with the director is an administrative remedy" that a taxpayer must exhaust before appealing to this court. The second sentence requires only that a taxpayer "timely request" a conference before appealing to this court. "A conference" and "a timely request for a conference" are two different things and it is unclear which is required for a taxpayer to exhaust the administrative remedy and appeal to this court. Plaintiffs argue that the two sentences of ORS 308.584(4) should be read together to require only that taxpayer request a conference and participate in discussions with the department to appeal to this court. (Ptfs' Cross-Mot at 4.)

"The general doctrine of exhaustion of administrative remedies is judicially created, a

---

[12] To the extent there is a disagreement on the meaning of "conference" between the statutory text and the legislative history, the text controls. *Tektronix v. Dept of Rev*, 354 Or 531, 544, 316 P3d 276 (2013) (*citing Gaines*, 346 Or, at 172-73).

creature of the common law, and is employed by the courts—including this one—in the interest of orderly procedure and good administration." *Tuckenberry v. Bd. of Parole & Post-Prison Supervision*, 365 Or 640, 646, 451 P3d 227 (2019).  It holds that "judicial review is only available after the procedure for relief within the administrative body itself has been followed without success." *Mullenaux v. Dept. of Revenue*, 293 Or 536, 539, 651 P 2d 724 (1982).  To exhaust the administrative remedy, Plaintiffs must "afford[] the agency an opportunity to rule on the substance of the dispute." *Id.* at 541.  The "prudential doctrine of exhaustion is not rigid but flexible, and can be relaxed, or even dispensed with altogether, depending on the circumstances." *Tuckenberry*, 365 Or at 646 (internal quotation marks omitted).  Such circumstances may include "considerations of individual justice, efficiency, or wise judicial administration * * *." *Id.* (quoting Kristen E. Hickman & Richard J. Pierce, Jr., 2 *Administrative Law Treatise* § 17.2, 1457 (6th ed 2019)).

With that background in mind, the court considers relevant context and legislative history provided by Defendant.  ORS 308.584(4) expressly requires exhaustion of the administrative remedy, whereas the predecessor statute, ORS 308.595 (2005), did not.  The exhaustion requirement was new to the statute in 2007.  Phillips flagged the exhaustion requirement as "the one place in the bill that there may be a perception of a change" but stated his "legal advice is that this is not a change * * *."  (Def's Mot, Ex 1 at 14.)  He explained that the department had not historically seen "people jumping over [the director's conference] process" and appealing directly to the tax court.  (*Id.*)  Its intention in adding the exhaustion requirement was to make that "crystal clear."  (*Id.*)  Phillips acknowledged that many companies "put in a protective request for conference" but ultimately resolve their issues without need to attend the conference or appeal.  (*Id.* at 6-7.)  Ultimately, the legislative history suggests that the legislature did not

intend to depart from the judicially-created common law principles of exhaustion of administrative remedies.

Defendant's practice of issuing "pass-through letters" may clarify the relationship between the two sentences of ORS 308.584(4). Defendant sometimes issues "pass-through letters" when "the same issues" have been raised in prior years and the taxpayer has already appealed those issues to this court. (Def's Resp at 2.) Such pass-through letters are issued at the discretion of the director. (*Id.*) Essentially, Defendant's pass-through letters allow a taxpayer who timely requested a conference to proceed with an appeal to this court without participating in a director's conference. Neither the statute nor the legislative history makes explicit reference to pass-through letters, though both parties are aware of the practice. It appears that Defendant's practice of issuing pass-through letters is consistent with the general common law administrative exhaustion requirement because Defendant had the opportunity to rule on the substance of the dispute in the prior year. Here, Plaintiffs made a timely request for conference and Defendant did not issue a pass-through letter or otherwise waive the conference. Plaintiffs requested that the conference be cancelled and thus deprived the director the opportunity to rule on the substance of the dispute and did not exhaust their administrative remedy.

C.    *Defendant's Order Requirement Under ORS 305.584(3)*

Plaintiffs move for partial summary judgment on the ground that Defendant failed to provide them with a written order maintaining or amending the tentative assessment as required by ORS 308.584(3). (Ptfs' Cross-Mot at 5-6.) ORS 308.584(3) states: "The director shall hold a conference under this section as soon as is practicable following the date a request is made and shall issue an order modifying the valuation or apportionment of an assessment or affirming the tentative assessment on or before August 1 of the tax year." Two interpretations of the statute

are possible. First, it requires the director to take two different actions, but neither of those actions are dependent on the other. Under that reading, the director must issue an order for every timely requested conference, whether or not the conference was held. Second, it requires the director to issue an order but only if the conference is held. Once again, the court turns to the principles of statutory interpretation to resolve this ambiguity.

The text of the statute requires the director to do two things. First, the director must hold a conference after it is requested. Second, the director must issue an order either modifying or affirming the tentative roll. It is tempting to read the two clauses as related with the second contingent upon the first. However, the Supreme Court has declined to read independent clauses as related. *See Horton v. Oregon Health and Science University*, 359 Or 168, 251, 376 P3d 998 (2016) (observing that violation of one independent clause does not necessarily result in violation of another). Thus, the text alone does not resolve the ambiguity.

Other provisions of ORS 308.584 and the related statute ORS 305.280 provide helpful context. ORS 308.584(4) requires exhaustion of the administrative remedy – specifically, the director's conference – before a taxpayer may appeal to the tax court. ORS 308.584(5) states that, subject to subsection (4) – the exhaustion requirement – appeal may be taken to the tax court under ORS 305.280. In turn, ORS 305.280(1) states that "[a]n appeal under ORS 308.505 to 308.674 shall be filed within 90 days after the date *the order* is issued under ORS 308.584(3)." (Emphasis added.) Putting those provisions together indicates that the legislature intended for a taxpayer to participate in a conference with the director before receiving an order that may be appealed to this court.

/ / /

The legislative history supports that reading of ORS 308.584(3). Phillips described the

goal of putting the entire process into chronological order. Thus, the placement of the director's duty to issue an order following the director's duty to hold a conference indicates a legislative intent to reflect the order of events. Furthermore, Phillips expressed the department's concern that taxpayers would "jum[p] over that process and sa[y] we're not going to talk to the director * * *." (Def's Mot, Ex 1 at 14.) The department was concerned that taxpayers would try to avoid a conference with the director. If an order is required each time a request is made, without regard to whether a conference was actually held, it would nullify the conference requirement and permits taxpayers to "jump over" the process—precisely the outcome the bill was designed to prevent.

The court concludes that ORS 308.584(3) requires the director to issue an order only after conference. When, as here, taxpayers withdraw their request for a conference, the director is not obliged to issue an order under ORS 308.584.

D.      *Inconsistencies in Defendant's Policies and Position*

Plaintiffs argue that Defendant's practices are inconsistent with the narrow understanding of "conference" it has advanced here. (*See* Ptfs' Cross-Mot at 5.) Plaintiffs point to Defendant's practice of issuing an order at a taxpayer's request even when a conference has not been held. (*Id*. at 5-6.) Plaintiffs allege, and Defendant does not deny, that in some instances, taxpayers timely request a director's conference, discuss issues with the department ahead of the conference, resolve those issues, cancel the conference, and then request that the director issue an order. (*Id*.)

The court is not bound by Defendant's interpretation of the statute. *Oregon Occupational Safety & Health Div. v. CBI Servs., Inc.*, 356 Or 577, 584-85 341 P3d 701 (2014) (the meaning of a statute is ultimately a question of law although an agency's construction of a statute may be

entitled to "a measure of deference.")  Plaintiffs have not raised an estoppel claim or otherwise

alleged that they were misled by Defendant as to the appeal process.  *See Jeld-Wen v. Dept. of

Rev.*, 5 OTR 358, 362 (1973) (setting forth elements necessary to prove equitable estoppel); ORS

305.875 (requiring Defendant to provide an explanation of "[t]he audit, conference, or meeting

process and the taxpayer's rights under such process").  As discussed above, Defendant

sometimes issues "pass-through letters" in its discretion when the same issues were raised in

prior years and are pending in this court.  (Def's Resp at 2.)

Because Defendant's practice is not inconsistent with the statute and Plaintiffs have failed

to allege that Defendant misled Plaintiffs or failed to explain Plaintiffs' appeal rights, the court

finds no basis to alter its conclusion based solely on Defendant's occasional waiver of

conference in some cases.

E.      *Remedy for Failure to Exhaust*

Plaintiffs argue that, if Defendant's Motion is granted, the proper remedy is to remand to

the department to exhaust administrative remedies.  (Ptfs' Cross-Mot at 7.)  Defendant seeks to

dismiss Plaintiffs' case, contending that ORS 308.584 does not provide for remand and

remanding the case would defeat the purpose of the statute to resolve as many disputes as

possible before the department sends assessment values to the counties.  (Def's Resp at 4.)  ORS

308.584 requires taxpayers to adhere to a particular procedure and time frame.[13]  (*Id.*)

/ / /

"[T]he usual consequence for failing to exhaust the administrative process is that the

_____

[13] The legislative history for HB 2239 (2007) includes a statement from Committee Chair Phil Barnhart asking whether the tax court had ever "sent something back because that conversation [conference with the director] didn't take place" to which Phillips responded that he was not aware of any such cases.  (Def's Mot, Ex 1 at 14.) The court interprets that to mean that the legislature was aware of the possibility that cases could be remanded, but it was not the existing practice and the legislature chose not to make any reference to remand in the statute.

reviewing court will remand the case to the agency for further proceedings there." *Mullenaux*, 293 Or at 541. However, where "the party seeking judicial review has foreclosed through his own inaction completion of the administrative process, remand is inappropriate. An appeal that has died within the agency cannot be resurrected by appealing outside of it. In such a case, the doctrine serves as a bar to further relief." *Id.* In *Mullenaux*, the taxpayers challenged an income tax assessment and requested a hearing with the department but failed to appear because it "slipped [their] mind." *Id.* at 538. On appeal, both the tax court and Supreme Court found taxpayers' explanation for missing the hearing unsatisfactory and declined to remand the case. *Id.* at 541.

Although the facts here differ from *Mullenaux* in that Plaintiffs voluntarily cancelled their director's conference having received satisfactory relief ahead of conference, the outcome is the same: Plaintiffs foreclosed completion of the administrative process, so remand is inappropriate. Having concluded that Plaintiffs were required to participate in the scheduled director's conference in order to exhaust the administrative remedy under ORS 308.584, the court further concludes that Defendant's request for dismissal must be granted.

## IV. CONCLUSION

Upon careful consideration, the court concludes that "conference" in ORS 308.584, refers to the scheduled director's conference, not to informal discussions with department appraisers. A taxpayer must participate in the director's conference to exhaust the administrative remedy under ORS 308.584(4) unless the director, in her discretion, waives the conference requirement after taxpayer has made a timely request for conference. The department is not required to issue an appealable order under ORS 308.584(3) unless the taxpayer exhausts the administrative remedy by attending the director's conference. Where, as here, taxpayer cancels the conference,

dismissal is the appropriate remedy rather than remand.  Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted and

Plaintiffs' Cross-Motion for Partial Summary Judgment is denied.

_____

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on December 30, 2021.*